## GATTI v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
November 16, 1929.

No. 5380.

960

Ben P. Rabb, of Cleveland, Ohio, for appellant.

John B. Osmun, Asst. U. S. Atty., of Cleveland, Ohio, for the United States.

Before DENISON and HICKS, Circuit Judges, and HAHN, District Judge.

PER CURIAM. ■ 1. No error assigned is supported by objection and exception duly saved. Appellant's admission to the arresting officer that he owned the still near which he was arrested was substantial evidence to support the conviction.

■ 2. At the oral argument it is urged that there was double punishment. Appellant was convicted on count 3 alleging the possession of a still intended for use in making intoxicating liquor, and upon count 4 alleging the manufacture of such liquor. Each count fixed the offense as "on or about" the same specified day. In Reynolds v. U. S., 280 F. 1, we held that under the circumstances of that case the manufacture and the possession of materials therefor constituted only one offense. We have since applied this holding to cases of possession and sale (Miller v. U. S., 300 F. 529, 534); and have distinguished the Reynolds Case and the Miller Case from Albrecht v. U. S., 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. 505 (Leonard v. U. S., 18 F.[2d] 208, 213). In the Reynolds Case it was not brought to our attention that an earlier (and therefore separable) possession of the apparatus and materials intended for manufacture might perhaps be proved or inferred under the rule which does not limit proof of the offense to the date alleged in the indictment; and, particularly with reference to a still, it may be rightly inferable that it was in the possession of defendant at a prior time and in anticipation of later use proved.

In the present case we do not find ourselves called upon to decide whether the rule of the Reynolds Case should be here applied, or whether that decision should be limited to cases where no prior and separable possession is properly to be presumed. The appellant here did not bring the matter to the attention of the District Court by motion for a new trial or in arrest of judgment, as was done in the Reynolds Case, or in any way; and we find no sufficient occasion to notice the matter on our own motion as in exceptional cases we do under Rule 11.

The judgment on both counts is affirmed.