## KRENCH v. UNITED STATES.

### No. 5593.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1930.

Leonard S. Coyne, of Detroit, Mich., for appellant.

G. S. Fitzgerald, of Detroit, Mich. (John R. Watkins, of Detroit, Mich., on the brief), for the United States.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

MOORMAN, Circuit Judge.

Appellant was indicted and convicted upon three counts. The first charged the bringing of merchandise into the country in violation of the Tariff Act of 1922, the second concealment of merchandise after it had been brought in in violation of the act, and the third conspiracy to import and bring merchandise into the country in violation of the same act.

It is the contention of appellant that counts 1 and 2 are duplicitous because each of them charges two separate offenses, namely, a violation of section 593(b) of the Tariff Act of 1922 (19 USCA § 497), and a violation of section 3 of title 2 of the National Prohibition Act (27 USCA § 12). In this respect both counts are almost identical with the indictment considered by this court in Kurczak v. United States, 14 F.(2d) 109, and upon the authority of that case the contention must be denied. Nor do the two counts charge the same offense, as appellant also contends. The statute on which they are based, section 593(b) of the Tariff Act of 1922, makes it unlawful for any person knowingly to import into the United States any merchandise contrary to law, or to receive, conceal, buy, sell, or in any manner facilitate the importation of merchandise brought into the United States contrary to law. Thus the statute makes it an offense to bring into the United States merchandise contrary to law, and also an offense to conceal merchandise knowing it to have been brought into the United States contrary to law. Count 1 of the indictment charges the first of these offenses, and count 2 charges the second.

It is also contended that there was no proof of the venue of the offenses. This contention rests upon the failure of the government to introduce evidence of the location of the international boundary line between the United States and the Dominion of Canada. The merchandise, Canadian beer, was seized by customs officers on Mud Island, situated in the dividing waters between the United States and Canada about 200 feet from Ecorse, Mich., a village on the American shore line. While no evidence was offered to show the location of the international line in these waters, the court may take judicial notice of the official charts published by the War Department engineers, and these charts show that Mud Island is on the American side of the international line. The venue thus existed.

The facts which the government proved are as follows: Appellant employed Johnson and Lamond to go across the river and bring back to the American side a quantity of Canadian beer consisting of 286 cases. Johnson was a boy eighteen years of age, but Lamond seems to have been an old hand at "working the river." Under the directions of

appellant, Lamond and Johnson crossed the river in appellant's boats, procured a load of beer, 50 cases, and about 9 o'clock at night left the Canadian dock for Mud Island. They arrived at the latter point at 10 o'clock the same night, concealed the boats in the weeds, and about 2 o'clock the next morning were apprehended by officers of the border patrol.

We find nothing in Keck v. United States, 172 U. S. 434, 19 S. Ct. 254, 43 L. Ed. 505, which sustains the contention that these facts, if believed by the jury, did not justify convictions on all the counts. In the Keck Case the first count was held to be demurrable because it did not sufficiently inform the defendant of the nature of the accusation. That count was based upon section 3082 of the Revised Statutes, which is similar to the provisions of section 593(b) of the Tariff Act of 1922, under which counts 1 and 2 in this case are drawn. In the present case it is not denied that counts 1 and 2 are sufficiently definite as to their accusations. The second count in the Keck Case was based upon section 2865 of the Revised Statutes corresponding to section 593(a) of the Tariff Act of 1922 (19 USCA § 496). That statute is directed against smuggling, and what was held by the majority opinion in that case was that the mere act of concealing merchandise on entering the waters of the United States does not of itself constitute smuggling.

■ Even if it be assumed that it requires the same character and quantum of proof to establish an offense under section 593(b) forbidding the unlawful importation or bringing of merchandise into the country as it does to sustain a conviction under section 593(a) forbidding smuggling, a question which we need not decide, there is ample evidence in this case to distinguish it from the Keck Case. Moreover, the proofs in the case show not only the unlawful bringing of the merchandise into the country, the offense charged in the first count, but also the separate offense charged in the second count, the unlawful concealment of it after it was brought in. Parmenter v. United States, 2 F.(2d) 945 (6 C. C. A.). Under the Tariff Act of 1922, § 459 (19 USCA § 275), it was the duty of Lamond and Johnson, who were importing the merchandise in a "vessel of less than five net tons," to report, immediately upon arrival in this country, to the customs officers, where the duty should be paid. There was a concealment of the goods by them after entry into the country for

more than four hours. Appellant aided and abetted the commission of both of these offenses and, under section 332 of the Criminal Code (18 USCA § 550), was guilty as principal.

■ There was also ample proof of the conspiracy alleged in the third count, but in considering all the proofs we cannot overlook the question of double punishment. Count 1 of the indictment charged the accused with unlawfully bringing merchandise into the country in violation of the Tariff Act of 1922. Count 3 of the indictment charged a conspiracy to commit the substantive offense charged in count 1. Appellant did not actually bring the merchandise into the country, but only procured others to do it, and it is upon that basis that he was found guilty on the first count. He might have been proved guilty of the conspiracy but not of the substantive offense. It is clear, though, that the proof of the substantive offense included every element of the conspiracy. If he had been indicted and convicted as a principal because he procured others to commit the act charged in the first count, we cannot doubt that to punish him for the same act proved by the same evidence under a second indictment would be double punishment. This was the test laid down in Reynolds v. United States, 280 F. 1 (6 C. C. A.), where this court reviewed many authorities and held that although it is competent for Congress to create separate and distinct offenses growing out of the same transaction, where it is necessary in proving one offense to prove every essential element of another growing out of the same act, a conviction of the former is a bar to a prosecution for the latter. Cf. Reynolds v. United States, 282 F. 256 (6 C. C. A.); Miller v. United States, 300 F. 529 (6 C. C. A.); Tritico v. United States (C. C. A.) 4 F.(2d) 664; Rouda et al. v. United States (C. C. A.) 10 F.(2d) 916; Gatti v. United States, 35 F.(2d) 959 (6 C. C. A.).

The facts which the government was forced to rely upon in this case to prove the substantive offense charged in the first count also proved the offense charged in the third count, and in our opinion it was double punishment to pass sentence upon appellant on both counts.

The conviction is affirmed as to all the counts, but the sentence imposed under count 3 will be set aside. The sentences upon counts 1 and 2 are affirmed.