## FLEISHER v. UNITED STATES, and three other cases.*
### Nos. 7383–7386.

Circuit Court of Appeals, Sixth Circuit.
June 3, 1937.

*Writ of certiorari granted 58 S.Ct. 29, 82 L.Ed. —.

Arthur H. Ratner, Donald Frederick, and Geo. S. Fitzgerald, all of Detroit, Mich. (Alfred A. May, of Detroit, Mich., on the brief), for appellants.

Fred R. Walker and Louis M. Hopping, both of Detroit, Mich. (John C. Lehr, of Detroit, Mich., on the brief), for appellee.

Before HICKS and ALLEN, Circuit Judges, and MARTIN, District Judge.

ALLEN, Circuit Judge.

Appellants were jointly indicted with others, in a single indictment which contained four counts, for conspiring (1) unlawfully to possess certain unregistered apparatus for the production of distilled spirits; (2) unlawfully to make and ferment mash in an unregistered distillery; (3) unlawfully to carry on the business of distillers without giving bond as required by statute, and (4) unlawfully to possess distilled spirits in unstamped containers. The substance of the four counts is set forth more fully in the margin.[1] All appellants were convicted and separate fines and separate sentences of imprisonment were imposed under each of the four counts upon each of the appellants, the sentences being cumulative. The appeals present the single question whether the sentences thus imposed constitute double punishment, and hence violate the Fifth Amendment to the Constitution of the United States.

Appellants contend that but one continuing conspiracy existed and that the counts charge one crime only, for which there can be but one punishment.

We think that the judgments must be affirmed because each count charges a separate statutory offense.

While the acts of unlawfully setting up a still, unlawfully manufacturing mash, unlawfully dealing in distilled liquors, and unlawfully possessing such liquors, are often interrelated, the Congress has specifically provided that these acts shall constitute different offenses (title 26, §§ 1152a, 1162, 1184, 1185, U.S.C. [26 U.S.C.A. §§ 1152a, 1162, 1184, 1185]), and there is nothing in the Constitution which prevents the Congress from punishing separately each step leading to the consummation of

---

[1] Count 1 of the indictment charged that appellants and others from October 1, 1934, to and including the time of the filing of the indictment, unlawfully conspired together to possess and cause to be possessed, certain stills and distilling apparatus for the production of distilled spirits, and to cause the same to be set up without having the same registered with the Collector of Internal Revenue, as required by law. The second count charged that between October 1, 1934, and the date of the filing of the indictment, appellants unlawfully conspired together to make and ferment, and cause to be made and fermented, large quantities of mash in a building and on premises not duly authorized and designated according to law as a distillery. Count 3 charged that appellants, between October 1, 1934, and the date of the filing of the indictment, unlawfully conspired together to carry on the business of distillers without having given bond, as required by law, and with the intent on their part to defraud the United States Government of the tax on the spirits to be distilled. Count 4 charged that between October 1, 1934, and the date of the filing of the indictment, appellants unlawfully conspired together to possess a large quantity of distilled spirits, namely, 775 gallons, at 5620 Federal Street, Detroit, Michigan, and 1,500 gallons at 4029 Milford Street, Detroit, Michigan, the immediate containers thereof not having affixed thereto the stamp or stamps denoting the quantity of distilled spirits contained therein, and evidencing payment of all internal revenue taxes imposed on such spirits.

the transaction which it has power to prohibit, and punishing also the completed transaction. Albrecht v. United States, 273 U.S. 1, 11, 47 S.Ct. 250, 253, 71 L.Ed. 505.

The four counts are identical as to time, but the period covered is over twelve months, and different overt acts are set forth in support of each count of the indictment. The appeal is prosecuted under Rule 8 of the Rules of Practice and Procedure in Criminal Cases brought in the District Courts, promulgated May 7, 1934 (28 U.S.C.A. following section 723a), and the record therefore contains no bill of exceptions. Unless the indictment upon its face shows that there was but one offense, since appellants were found guilty upon all four counts, we assume that testimony was offered showing the existence of four separate conspiracies. While many of the same facts may have been relied on to support the verdict on each count, this circumstance does not establish appellants' contention. As a matter of law each of the offenses charged was separate and distinct. Cf. Burton v. United States, 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362.

A single act may be an offense against two statutes, and if each statute requires proof of some fact which the other does not, an acquittal or conviction upon either statute does not exempt the accused from prosecution and punishment under the other. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306. In that case the question was whether the same act, namely, a sale of narcotics, constituted two offenses: (1) that of selling the forbidden drugs except in or from the original stamped package, and (2) that of selling any such drugs not in pursuance of a written order of the person to whom the sale was made. It was held that although there was but one sale, two offenses were committed, and that the test to be applied to determine whether there are two offenses or only one is whether conviction for each offense requires proof of a fact which the other does not. Here totally separate and distinct acts are charged. The same proof would not necessarily establish these separate charges. A conspiracy to set up an unregistered still could be proved without presentation of evidence of the conspiracy to manufacture mash, and vice versa. This is true as to a conspiracy to operate a still without giving bond, and unlawfully to possess unstamped containers of liquor. Certain entirely distinct elements are required to establish the conspiracy described in each count, and hence four distinct offenses are charged. Yenkichi Ito v. United States, 64 F.(2d) 73, 77 (C.C.A. 9); Parmenter v. United States, 2 F.(2d) 945 (C.C.A.6); King v. United States, 31 F.(2d) 17 (C.C.A.9); Leonard v. United States, 18 F.(2d) 208, 213 (C.C.A.6); Pollock v. United States, 35 F.(2d) 174, 175 (C.C.A.4); Piquett v. United States, 81 F. (2d) 75, 79 (C.C.A.7); Slade v. United States, 85 F.(2d) 786 (C.C.A.10); Chrysler v. Zerbst, 81 F.(2d) 975 (C.C.A. 10); United States v. Wexler, 79 F.(2d) 526, 528 (C.C.A.2). It is significant that different overt acts were charged under each of the four counts of the indictment. Cf. Piquett v. United States, supra. The District Court did not err in imposing separate fines and requiring that the sentences upon all four counts run consecutively. The offenses were separate, and no double punishment exists.

The judgments are affirmed.