## MEYERS v. UNITED STATES.

### No. 7408.

Circuit Court of Appeals, Sixth Circuit.

Feb. 8, 1938.

D. B. Frederick, of Detroit, Mich., for appellant.

L. M. Hopping, of Detroit, Mich. (John C. Lehr, of Detroit, Mich., on the brief), for the United States.

Before MOORMAN and HICKS, Circuit Judges, and RAYMOND, District Judge.

RAYMOND, District Judge.

The indictment consisting of two counts charged that appellant conspired with Reuben Miller and divers other persons to violate the internal revenue laws of the

United States. The first count charged conspiracy to possess, and cause to be possessed, certain stills and distilling apparatus, and the second charged conspiracy to make and ferment mash, wort, and wash. Upon trial by jury appellant was convicted. Reversal is sought upon the grounds that the court erred in denying the appellant's motion for directed verdict at the conclusion of the proofs and also in imposing consecutive sentences and cumulative fines.

The record discloses beyond question the commission of the substantive crimes, and leaves no doubt that several persons were carrying out a preconceived plan to violate the laws of the United States. The existence of a conspiracy is clearly established, and the only question is the connection of appellant with the unlawful plan. The jury having found guilt, slight evidence connecting a defendant with a conspiracy may be substantial and, if it is, is sufficient. See Galatas v. United States, 8 Cir., 80 F.2d 15; Marx v. United States, 8 Cir., 86 F.2d 245.

This court held in the case of Zottarelli v. United States, 6 Cir., 20 F.2d 795, that the appellate court, in determining after a conviction whether evidence was sufficient to support conviction, will not weigh the evidence or determine credibility of witnesses, but will take that view of the evidence, with inferences reasonably and justifiably to be drawn therefrom, most favorable to the government. Recognition of these principles brings the conclusion that there was substantial evidence of appellant's connection with the conspiracy to warrant submission of the issues to the jury and support the verdict.

Briefly stated, the record shows that respondent Miller, who was from the beginning in active charge of the unlawful operations, arranged for occupancy by a Mr. and Mrs. Walby of the first floor of the premises where the stills were later confiscated, and that they moved upon the premises February 2, 1934, under an arrangement for free rent, light, and gas. The premises consisted of a two-story frame residence with a two-car garage on the lot. There were two furnaces in the basement, one of which was attached to a still on the second floor. The other furnace was connected to a still on the first floor. At the time of Miller's arrest there was an 850-gallon still in operation on the second floor and a 450-gallon still set up in a bedroom on the first floor. Fifty gallons of moonshine whisky and corn sugar were also found on the second floor. Nine bags of corn sugar were found in a Ford coach on the premises. Appellant was engaged in the business of selling malt and hops. About two weeks after the Walbys moved upon the premises, an electrician was called to appellant Meyers' store, where he found Meyers and Miller. Meyers told him that there was something wrong with the water supply at the house in question and that Miller would take him out. After investigating the difficulty, the electrician reported to Meyers, who said, "Well, the people living there have got to have water and you better put the motor in order." A new motor was installed, and the bill therefor was paid by Meyers. These circumstances, with others which appear in the record, are sufficient, in our judgment, to constitute substantial evidence of appellant's connection with the crimes and the jury was justified under proper instructions in drawing the inference that Meyers had a proprietary interest in the premises and the operations being carried on there, that he knew the circumstances unwhich the tenants were living in the house, and materially aided the unlawful purpose by furnishing a pump which was later found connected to the still.

We therefore find no error in denial of appellant's motion for directed verdict.

Appellant also urges that the imposition of consecutive maximum sentences and cumulative fines amounts to double punishment, and says that, if any conspiracy or unlawful combination existed, it consisted solely in the agreement to operate a still. A similar question was presented to this court in the case of Fleisher v. United States, 6 Cir., 91 F.2d 404. Each count in the present case charges a separate statutory offense and different overt acts are charged under each count. Proof of a conspiracy to set up a still without registering the same requires proof of a fact in addition to that necessary to prove a conspiracy to make and ferment mash. The Fleisher case is controlling upon this issue.

No error being found, the judgment of the District Court is affirmed.