## PIERCE v. UNITED STATES.
### No. 8352.

Circuit Court of Appeals, Sixth Circuit.
Nov. 15, 1940.

L. E. Gwinn, of Memphis, Tenn., for appellant.

R. G. Draper, of Memphis, Tenn. (William McClanahan, Thomas C. Farnsworth, and R. G. Draper, all of Memphis, Tenn., on the brief), for appellee.

Before HICKS, ALLEN, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

Appellant was convicted of violations of § 32 of the Criminal Code, Act of March 4, 1909, c. 321, § 32, 35 Stat. 1095, 18 U.S.C.A. § 76.* We reversed the judgment and remanded the cause for a new trial, holding certain questions asked by the District Attorney improper and prejudicial. Pierce v. United States, 6 Cir., 86 F.2d 949. At the next trial, E. H. Roach, a co-defendant in the earlier trial and a co-appellant on the former appeal, was acquitted, but the jury was unable to agree on a verdict as to appellant. At the third trial, appellant was convicted on fifteen counts of the indictment, and sentences aggregating eight years' imprisonment and fines totalling $3,750 were imposed.

The charges were that appellant, with intent to defraud, had pretended to eight named individuals that he was a representative of the United States Government selling "T. V. A. units" and that sums of money ranging from $10 to $25 were obtained from seven of these by means of such pretenses.

We first consider whether there was sufficient evidence to require submission of the case to the jury.

The trial consumed five days, and there were thirty-five witnesses. Both parties persistently attempted to discredit opposing witnesses by reference to their testimony at the two previous trials, and, as

---

* The language of the statute was as follows:

"Whoever, with intent to defraud either the United States or any person, shall falsely assume or pretend to be an officer or employee acting under the authority of the United States, or any department, or any officer of the Government thereof, and shall take upon himself to act as such, or shall in such pretended character demand or obtain from any person or from the United States, or any department, or any officer of the Government thereof, any money, paper, document, or other valuable thing, shall be fined not more than $1,000, or imprisoned not more than three years, or both."

was perhaps to be expected, there is contradiction and some confusion in the testimony. If appellant's witnesses were to be believed, appellant had simply engaged in an extensive sale of advertising space in a newspaper published in Huntsville, Alabama, for the purpose of promoting, through community cooperation, as appellant put it, rural development of counties whose residents purchased advertising, and appellant was not responsible for the contrary impressions of the government's witnesses. On the other hand, if the government's witnesses were to be believed, appellant had capitalized upon his prospects' natural interest in the objectives of the Tennessee Valley Authority by leading them to believe he, as representative of the United States Government, was raising money from private individuals to be matched by government contributions for the purpose of hastening development of the Tennessee Valley Authority and insuring extension of its benefits to their respective communities.

■ As the verdict shows, the jury believed the latter witnesses; and their credibility must be assumed on review, unless clearly impeached. Evidence that supports conviction must be given the most favorable construction of which it is reasonably susceptible. Burton v. United States, 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Meyers v. United States, 6 Cir., 94 F.2d 433; Fitzgerald v. United States, 6 Cir., 29 F.2d 881; Galatas v. United States, 8 Cir., 80 F.2d 15.

■ We are aware of the rule, relied upon by appellant, that when all the substantial evidence is as consistent with innocence as with guilt, the conviction should be reversed. That rule, however, is inapplicable here, because there is substantial evidence that is inconsistent with appellant's innocence. Chambers v. United States, 8 Cir., 237 F. 513; Craig v. United States, 9 Cir., 81 F.2d 816.

■ Appellant relies heavily upon the failure of government witnesses to state positively the exact words used in the alleged impersonations and their frequent admissions that their memories were vague about some less important matters; but a witness who with positiveness could recount all the details surrounding an event that had occurred four years previously would be either a genius or unworthy of belief. 3 Wigmore on Evidence (3rd ed., 1940) § 726.

The evidence selected by appellant for emphasis is contradicted by competent testimony, or, at most, gives rise to mere inferences in his favor. For instance, anyone who read in its entirety the letter of introduction carried by appellant during his campaign would have known that he was not a government representative, but only a private individual soliciting community advertising; however, there was evidence that he had sometimes not used the letter, sometimes read only part of it, sometimes stated or given the impression that it was signed by President Roosevelt, and on one occasion refused to allow a prospect to read it.

The Court committed no error in overruling appellant's motion for a directed verdict.

■ Appellant also assigns as error the Court's refusal to give the following special instruction at the conclusion of its general charge: "At the request of the defendant, the Court further instructs the jury that the Tennessee Valley Authority, commonly designated as TVA, although an instrumentality of the Federal Government, is a corporate entity, as separate and distinct from the Federal Government itself, and the officers and employees of that corporation are not within the scope of the Statute on which the indictment in this case is based. Consequently, any claim or representation by the defendant, if you find that such claim or representation was made, that he was representing the TVA, or was connected with the TVA as an officer or employee, would not constitute the false impersonation of an officer or employee of the United States Government or any department thereof, TVA officers and employees not being officers and employees of the Federal Government or some department thereof, within the meaning of the Statute which the defendant is alleged to have violated in the several counts of the indictment."

Appellant claims that the testimony of government witnesses could be construed to mean that appellant represented himself to be an officer or employee of the Tennessee Valley Authority and insists that the general charge will be examined in vain for the semblance of a suggestion that officers or employees of the Tennessee Valley Authority were not within the purview of the statute. So vital a matter, he contends, should have been called to the jury's attention in an explicit instruction.

We disagree. The charge was explicit and the conviction was supported by evidence that appellant held himself out not as an officer or employee of the Tennessee Valley Authority, but as "acting under the authority of the United States Government," which is a quite different thing and clearly within the condemnation of the statute. The Court's charge, to which no exception was taken, amply and correctly stated the law, and we do not believe that the jury was misled as to the issues or that the outcome of the trial was influenced in any way by failure to give the instruction.

Appellant claims that several rulings, assigned as separate errors, constitute, in their aggregate, prejudicial and reversible error. We have examined these rulings and think they were within the sound discretion of the Court, but we are clear that neither separately nor in their aggregate did they prejudicially affect appellant's trial.

The judgment of the District Court is affirmed.