**SCHULTZ v. HUDSPETH, Warden, United States Penitentiary, Leavenworth, Kan.**

**No. 2321.**

Circuit Court of Appeals, Tenth Circuit.

Nov. 11, 1941.

Thomas K. Hudson, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

In April, 1921, the appellant was indicted in two cases, Nos. 2804 and 2805, in the Northern District of Ohio, Western Division. The two indictments grew out of the same transaction.

The indictment in No. 2805 contained eleven counts charging violation of 18 U. S.C.A. § 320, Section 197 of the Penal Code, by assaulting a custodian of the mail.

To each count in this indictment (2805) the defendant pleaded guilty on December 14, 1921, and was sentenced by the court to serve a total of twenty-six years. This sentence has been served and its validity is not before us.

The indictment in No. 2804 contained eleven counts, on which the appellant was tried. He was convicted and sentenced on each of seven counts in the indictment (one, two, three, four, five, eight, and ten), for a period of two years on each count to run consecutively; the sentence on the

first count of the indictment to commence at the expiration of the sentences imposed in No. 2805. He was acquitted on three counts of the indictment (six, seven, and nine).

He has now served the sentences imposed on the first count of the indictment (2804) and contends that the seven counts contained in the indictment grew out of the same acts, committed at the same time, and are not distinct and separate offenses; that only one lawful, legal offense can be charged and, therefore, the sentences on the other counts in the indictment are void, and he is entitled to be released from further custody. Schultz v. Biddle, 8 Cir., 19 F.2d 478; Schultz v. Zerbst, Warden, 10 Cir., 73 F.2d 668, but see Colson v. Johnston, D.C., 35 F.Supp. 317.

 The issues must be determined on the face of the indictment because the evidence adduced at the trial in No. 2804 is not before us and we must assume here that the proof was sufficient to support all lawful offenses charged in the various counts of the indictment. Fleisher v. United States, 6 Cir., 91 F.2d 404; Watkins v. Zerbst, 10 Cir., 85 F.2d 999, and Rosenhoover v. Hudspeth, 10 Cir., 112 F. 2d 667.

The question presented is whether it affirmatively appears from the face of the indictment in No. 2804 that counts one, two, three, four, five, eight and ten charged one and the same conspiracy growing out of one and the same act, or transaction, so that the allegations in the first count of the indictment charge all facts essential to the

guilt of the defendant on the remaining counts. Schultz v. Biddle, supra, and Schultz v. Zerbst, supra.

Count one of the indictment in No. 2804 charged that on or about February 10, 1921, petitioner and twenty-one others conspired with each other and divers other persons, "to assault any person having lawful charge, control, or custody of any mail matter of the United States at the time and place that it should thereafter be determined by said defendant to commit the offense herein described, * * * to rob, steal, or purloin such mail matter," in violation of Section 197 of the Penal Code, 18 U.S.C.A. § 320. [1]

Count two charged a conspiracy on the part of the same defendants, and on the same date, "to rob of mail of the United States, or any part thereof any person having lawful charge, control or custody of such mail matter of the United States at the time and place that it should be thereafter determined by said defendants to commit the offense," in violation of Section 197 of the Penal Code, 18 U.S.C.A. § 320. (See note 1.)

Count three charged a conspiracy on the part of the same defendants, and on the same date, "to steal out of the mail at said city of Toledo, in the County of Lucas, * * * any letters, postal cards, packages, bags or mail that they, the said defendants, should be able so to steal at the time and place thereafter to be determined upon by the said defendants to commit the offense," in violation of Section 194 of the Penal Code, 18 U.S.C.A. § 317. [2]

---

[1] 18 U.S.C.A. § 320. "Assaulting mail custodian and robbing mail; wounding custodian. Whoever shall assault any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or any part thereof, or shall rob any such person or such mail matter, or of any money, or other property of the United States, or any part thereof, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he shall wound the person having custody of such mail, money, or other property of the United States, or put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years." As amended August 26, 1935, c. 694, 49 Stat. 867.

[2] 18 U.S.C.A. § 317. "Stealing, secreting, or embezzling mail matter. Whoever shall steal, take, or abstract, or by fraud or deception obtain, * * * from or out of any mail, post office or station thereof, or other authorized depository, for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or shall abstract or remove from any such letter, package, bag, or mail, any article or thing contained therein, or shall secrete, embezzle, or destroy any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or whoever shall steal, take, or abstract, or by fraud or deception obtain any letter, postal card, package, bag, or mail, which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter; or whoever shall buy, receive, or conceal, or aid in buying, receiving, or concealing, or shall unlawfully have in

Count four charged a conspiracy on the part of the same defendants, and on the same date, "to take any letters, postal cards or packages which had been in a Post Office of the United States * * * then and there and thereby to obstruct the correspondence of others, to-wit, the persons to whom said letters or packages had severally been directed," in violation of Section 194 of the Penal Code, 18 U.S.C.A. § 317. (See note 2.)

Count five charged a conspiracy on the part of the same defendants and on the same date, "to secrete all such letters, postal cards, packages, bags or mail, and any articles or things contained therein which they, the said defendants were able to steal in furtherance of the conspiracy, charged in the third count of this indictment," in violation of Section 194 of the Penal Code, 18 U.S.C.A. § 317. (See note 2.)

Count eight charged a conspiracy on the part of the same defendants, and on the same date, "to appropriate to their own use and to other than their proper use, knowing the same to have been stolen, any mail bags, and other property in use by and belonging to the Post Office Department of the United States," in violation of Section 190 of the Penal Code, 18 U.S.C.A. § 313. [3]

Count ten charged a conspiracy on the part of the same defendants, and on the same date, "to tear, cut and otherwise injure any mail bag, pouch, or any other thing used or designed for use in the conveyance of the mail which they, the said defendants, were able to rob or steal at the time and place thereafter to be determined upon by the said defendants," in violation of Section 189 of the Penal Code, 18 U.S.C.A. § 312. [4]

 It is clear, as the trial court held, that the several counts charged at least four distinct counts to violate four distinct offenses against the United States mail. There can be no doubt that Congress has the power to punish separately each step leading to the consummation of the transaction which it has power to prohibit, and punish also the completed transaction. There is no doubt that distinct violations of law growing out of the same transaction constitute distinct offenses. Albrecht v. United States, 273 U.S. 1, 11, 47 S.Ct. 250, 71 L.Ed. 505. See, also, Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489, and Burton v. United States, 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362, and Roark v. United States, 8 Cir., 17 F.2d 570, 572, 51 A.L.R. 870. In Morgan v. Devine, supra, it was held that one who broke into a post office and also committed larceny therein was guilty of separate offenses under Sections 190 and 192 of the Penal Code, 18 U.S.C.A. §§ 313 and 315.

In addition to counts one, three, eight, and ten, charging violation of separate and distinct offenses, as separately and distinctly classified by acts of Congress, it is plain that count five of the indictment, charging a conspiracy "to secrete all such letters, postal cards, packages, bags of mail * * in furtherance of the conspiracy, charged in the third count of this indictment," also charges a separate and distinct offense, be-

---

[3] 18 U.S.C.A. § 313. "Stealing post-office property. Whoever shall steal, purloin, or embezzle any mail bag or other property in use by or belonging to the Post Office Department, or shall appropriate any such property to his own or any other than its proper use, or shall convey away any such property to the hindrance or detriment of the public service, * * *."

[4] 18 U.S.C.A. § 312. "Injuring mail bags. Whoever shall tear, cut, or otherwise injure any mail bag, pouch, or other thing used or designed for use in the conveyance of the mail, or shall draw or break any staple or loosen any part of any lock, chain, or strap attached thereto, with intent to rob or steal any such mail, or to render the same insecure, shall be fined not more than $500, or imprisoned not more than three years, or both."

his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been so stolen, taken, embezzled, or abstracted; or whoever shall take any letter, postal card, or package out of any post office or station thereof, or out of any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or station thereof, or other authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with a design to obstruct the correspondence, or to pry into the business or secrets of another, or shall open, secrete, embezzle, or destroy the same, shall be fined not more than $2,000 or imprisoned not more than five years, or both."

cause obviously the conspiracy "to assault, rob and steal of mail of the United States any person having lawful charge, control or custody of such mail matter" does not necessarily charge a conspiracy "to secrete all such letters, postal cards, packages, or bags of mail." Neither does the conspiracy "to take any letters, postal cards, packages, or bags of mail or the obstructing of correspondence of other persons," as charged in counts three and four necessarily charge the secreting of the same. By the same test it cannot be said that a conspiracy "to appropriate to their own use, knowing the same to have been stolen," or a conspiracy "to tear, cut and otherwise injure any mail bag, pouch, or any other thing used or designed for use in the conveyance of the mail," as charged in counts eight and ten, necessarily charge a conspiracy to secrete the same. It is, therefore, clear that aside from the possible duplicity in counts one and two, and counts three and four, the other counts of the indictment do not charge a conspiracy to violate one and the same offense within the prohibition of double jeopardy.

Thus, it is plain that the allegations in counts one, three, five, eight, and ten each charge separate conspiracies to violate separate and distinct offenses against the laws of the United States. Since the petitioner has not served the sentences imposed on these five counts of the indictment he is not entitled to release, and this court will not decide any question which will not result in the immediate release of the petitioner. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

The judgment of the trial court is affirmed.