## UNITED STATES v. WEISS.

District Court, S. D. New York.

Nov. 14, 1944.

John F. X. McGohey, U. S. Atty., of New York City (Peter J. Donoghue, Executive Asst. U. S. Atty., and Martin Klein, Asst. U. S. Atty., both of New York City, of counsel), for the United States.

Walter Brower, of New York City (John W. Burke, Jr., of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

The defendant seeks to set aside a verdict of guilty on all thirteen counts charged in the information. Counts 1, 4, 7, 9 and 11 charge the defendant with unlawfully, wilfully and knowingly offering and agreeing to sell and deliver various quantities of imported and domestic whiskies to purchasers at prices in excess of those permitted to be charged under Maximum Price Regulation No. 445. Counts 2, 3, 5, 6, 8, 10, 12 and 13 charge the defendant with the unlawful sale and delivery of whiskey at prices in excess of those permitted to be charged.

The statute charged to have been violated is 50 U.S.C.A.Appendix, Section 901 et seq., which is as follows: "(a) It is hereby declared to be in the interest of the national defense and security and necessary to the effective prosecution of the present war, and the purposes of this Act are, to stabilize prices and to prevent speculative, unwarranted, and abnormal increases in prices * * *; to eliminate and prevent profiteering, hoarding, manipulation, speculation, and other disruptive practices resulting from abnormal market conditions or scarcities caused by or contributing to the national emergency; to assure that defense appropriations are not dissipated by excessive prices; to protect persons with relatively fixed and limited incomes, consumers, wage earners, investors, and persons dependent on life insurance, annuities, and pensions, from undue impairment of their standard of living; to prevent hardships to persons engaged in business, to schools, universities, and other institutions, and to the Federal, State, and local governments, which would result from abnormal increases in prices; to assist in securing adequate production of commodities and facilities; * * *."

Section 902 of 50 U.S.C.A.Appendix provides: "(a) Whenever in the judgment of the Price Administrator * * * the price or prices of a commodity or commodities have risen or threaten to rise to an extent or in a manner inconsistent with the purposes of this Act, he may by regulation or order establish such maximum price or maximum prices as in his judgment will be generally fair and equitable and will effectuate the purposes of this Act. * * *"

The Price Administrator adopted Regulation No. 445 which became effective on August 31, 1943. This section was in effect when the transactions occurred in this case. Regulation No. 445 provides the machinery whereby maximum ceiling prices for all spirits are fixed.

Section 904 of 50 U.S.C.A.Appendix provides: "(a) It shall be unlawful, regardless of any contract, agreement, lease, or other obligation heretofore or hereafter entered into, for any person to sell or deliver any commodity, * * *, or otherwise to do or omit to do any act, in violation of any regulation or order under section 2 (section 902, Title 50), or of any price schedule effective in accordance with the provisions of section 206 (section 926, Title 50), or of any regulation, order, or requirement under section 202(b) or section 205(f) (sections 922(b) or 925(f), Title 50), or to offer, solicit, attempt, or agree to do any of the foregoing."

Maximum Price Regulation No. 445, Section 7.8, subdivision (a), provides: "Sec. 7.8. Compliance with this regulation —(a) No buying or selling above maximum prices. On and after the effective date of this regulation, regardless of any contract, agreement or other obligation, no person to whom this regulation applies shall sell or supply, and no person in the course of trade or business shall buy or receive, any distilled spirits, wine or service at prices higher than the maximum price applicable to such sale under this regulation, and no person shall agree, offer, solicit or attempt to do any of the foregoing. However, prices lower than the maximum price may be charged or paid."

Maximum Price Regulation No. 445, Section 7.8, subdivision (b), provides: "(b) Evasion. The maximum prices established under this regulation shall not

be evaded by direct or indirect methods, whether by finder's fee, brokerage, commission, service, transportation or other charge or discount, premium or other privilege; by tying agreement or trade understanding; by any change in style or manner of packing; or in any other way."

Maximum Price Regulation No. 445, Section 7.12, subdivision (b), provides:

"(b) Definitions of persons to whom this Regulation refers. * * *

"(3) 'Wholesaler' means any person (except a monopoly state or primary distributing agent) engaged in the business of buying and selling distilled spirits and/or wine without changing the form thereof, to persons other than consumers.

* * * * *

"(6) 'Retailer' means any person (except wholesaler, monopoly state or a primary distributing agent) engaged in the business of buying and selling distilled spirits and/or wine, without changing the form thereof, to consumers."

Section 942, subdivision (a), 50 U.S.C.A. Appendix, defines the term "sale" as follows: "The term 'sale' includes sales, dispositions, exchanges, leases, and other transfers, and contracts and offers to do any of the foregoing."

The basis of defendant's motion to set aside the verdict is, that the information contains two types of charges, namely, offering for sale and selling and that, therefore, the offering for sale is merged in the selling count. Defendant cites two cases, Schroeder v. United States, 2 Cir., 7 F.2d 60; Rouda v. United States, 2 Cir., 10 F. 2d 916.

Offering for sale is a distinct crime from selling. This is provided in Section 904, 50 U.S.C.A.Appendix (supra). The Congress has power to punish for every step leading to the consummation of the transaction as well as the completed transaction. See Schultz v. Hudspeth, 10 Cir., 123 F.2d 729, 731. There are cases to the effect that a lesser offense merges in the greater one and that is as it should be. To hold otherwise would be to impose double punishment; for example, it was held during the days of prohibition that the possession of liquor, which was a misdemeanor, was merged in the manufacturing of liquor which was a felony. It was further held that the possession of liquor, which was a lesser offense, was merged in the greater offense of nuisance,

but here the sentence for selling cannot be greater than the sentence for offering to sell. Even if the defendant's position is correct, and it has already been indicated that it is not, nevertheless the defendant will not receive double punishment as the court will impose concurring sentences on the offering counts and the selling counts. See Koth v. United States, 9 Cir., 16 F.2d 59.

The jury's verdict will stand. Motion to set aside the verdict is denied.