## FREEMAN v. UNITED STATES.
### No. 9747.

Circuit Court of Appeals, Sixth Circuit.

Jan. 22, 1945.

John Freeman, of Alcatraz, Cal., in pro. per.

Vincent Fordell, of Detroit, Mich. (John C. Lehr, of Detroit, Mich., on the brief), for the United States.

Before HAMILTON, MARTIN, and McALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

On March 6, 1940, appellant was convicted under a three-count indictment for a violation of the Internal Revenue Code, Title 26 U.S.C.A. Int.Rev.Code, § 2553(a), and also Title 18 U.S.C.A. § 88, Criminal Code, § 37.

On March 7, 1940, the court sentenced appellant to five years each on counts 1 and 2 and to two years on count 3, each sentence to run consecutively, and appellant was immediately incarcerated and is now confined in Alcatraz Penitentiary.

On February 17, 1942, appellant filed a motion in the original proceeding for correction of the sentence, claiming that he had been subjected to double punishment. He alleged that the two illegal sales of heroin on which counts 1 and 2 of the in-

dictment were based were a single offense, and that the facts upon which the Government relied to prove this offense also proved the offense of conspiracy charged in the third count and that the facts upon which the Government relied to prove the conspiracy count also proved the illegal sales counts. The trial court denied appellant's motion and from the order of denial this appeal is prosecuted.

The evidence heard at the trial is not in the record. The premise of appellant's contention is that from the face of the indictment there is shown the commission of only a single offense. The first two counts charged that appellant, Georgia Freeman and Blanch Williams, on October 10th and 11th, 1939, respectively, for $60 sold to Preston Robinson and Catherine Robinson, two ounces of heroin in violation of Internal Revenue Code, Title 26 U.S.C.A. Int. Rev.Code, § 2553(a). The third count charged the same defendants with violating Title 18 U.S.C.A. § 88, Criminal Code, Section 37, by conspiring to violate the above statute. The overt acts charged were the delivery of the heroin alleged to have been sold under counts 1 and 2 and the collection of the money therefor.

■ Separate sales of heroin, distinct from each other, although buyer and seller are the same in all the sales, not in or from original stamped packages and without written orders, are separate offenses, separately punishable. Blockburger v. United States, 284 U.S. 299, 302, 52 S.Ct. 180, 76 L.Ed. 306.

Giving a fair construction to the language used in counts 1 and 2 of the indictment, each count charges a sale separate and distinct from the other. The offenses were separate and a sentence could be imposed on each count and made consecutive.

■ It is the general rule that a conspiracy to commit a crime is a different offense from the crime which is the object of the conspiracy. United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; Ford v. United States, 273 U.S. 593, 619, 47 S.Ct. 531, 71 L.Ed. 793; Heike v. United States, 227 U.S. 131, 33 S.Ct. 226, 57 L.Ed. 450; Moss v. United States, 6 Cir., 132 F.2d 875.

■ There is excluded from the rule conspiracies to commit crimes which in their very nature require concerted action of all the participants. In such cases, the result has such a close connection with the objective offense as to be inseparable from it. United States v. Katz, 271 U.S. 354, 355, 46 S.Ct. 513, 70 L.Ed. 986; Lisansky v. United States, 4 Cir., 31 F.2d 846, 67 A. L.R. 67.

■ Clearly, the substantive offenses which were the objects of the present conspiracy did not from their nature require concerted action of two or more persons. One person could purchase, sell, dispense or distribute the drug mentioned without the aid of another.

Appellant further insists that under the facts alleged in the indictment, there was no violation of the Narcotic Act, except by those transactions which carried out the conspiracy and that under such circumstances to punish him separately for the substantive offenses and the conspiracy to commit them would be double prosecution or punishment, and that the rule applies that where the same evidence proves both the combination and the crime, which is the object of the conspiracy, only one offense is committed.

■ The test to be applied here is whether it was necessary in proving the sales to prove every essential element of the conspiracy. Kelly v. United States, 6 Cir., 258 F. 392.

■ Congress has the power to create separate and distinct offenses growing out of the same act, but whenever it appears that the proof of one offense proves every essential element of another growing out of the same act, the Fifth Amendment limits the punishment to a single act. Gavieres v. United States, 220 U.S. 338, 343, 31 S.Ct. 421, 55 L.Ed. 489.

The overt acts stated in the third count in the indictment are two in number: (1) That a defendant under counts 1 and 2 delivered the drug; (2) that another defendant collected the money. The third count of the indictment clearly alleged a conspiracy, but it is equally clear that counts 1 and 2 included every element of the conspiracy. All of the parties to the conspiracy count were principals in the other two counts. There can be no doubt that the substantive offenses charged in the two counts required proof of joint action, just as it was required under the third count.

In the case of Krench v. United States, 6 Cir., 42 F.2d 354, appellant was indicted and convicted on three counts. The first charged the bringing of merchandise into the country in violation of the Tariff Act;

the second, concealment of merchandise after it had been brought in; and third the conspiracy to bring into the country the merchandise mentioned in the other counts.

■ We there said that proof of the conspiracy was ample, but it was clear that proof of the substantive offense included every element of the conspiracy and that to impose a consecutive sentence on the third count was double punishment. The Krench case cannot be distinguished from the one at bar. It is plain from the face of the present indictment that the substantive offenses charged in the first two counts include every element of the offense charged in the third count. The United States insists that the Krench case is in conflict with the case of Moss v. United States, 6 Cir., 132 F.2d 875, but we held there that the Krench case was distinguishable on the facts. It was there pointed out that the conspiracy count embraced many overt acts aside from the substantive offense.

The order of the District Court is reversed with directions to correct the sentence imposed on appellant by setting aside the sentence on count 3. The sentence on counts 1 and 2 will not be disturbed.

MARTIN, Circuit Judge (dissenting).

I think the judgment of conviction and sentence should be affirmed. It is well established that a conspiracy to commit a crime is a different offense from the crime which is the object of the conspiracy. United States v. Rabinowich, 238 U.S. 78, 85, 35 S.Ct. 682, 59 L.Ed. 1211, and cases there cited; Kelly v. United States, 6 Cir., 258 F. 392, 396. This appeal comes to us on a bare record containing no bill of exceptions or transcript of the evidence. We have only the indictment before us. From this alone, the court concludes that the substantive offenses charged in the first two counts include every element of the offense charged in the third or conspiracy count.

It is never necessary to set forth matters of evidence in an indictment. Bannon and Mulkey v. United States, 156 U.S. 464, 469, 15 S.Ct. 567, 39 L.Ed. 494; Evans v. United States, 153 U.S. 584, 589, 14 S.Ct. 934, 38 L.Ed. 830. Proof of the only overt act of appellant charged in the conspiracy count (receiving from the purchasers the purchase money for the heroin delivered by the other conspirators) would be receivable in evidence also in support of the charges in both counts pertaining to the

substantive offenses. It should not be assumed, however, that there was no other proof of the violation by appellant of the substantive Anti-Narcotic Law, or of his participation in the conspiracy.

Moreover, to justify the conviction of appellant of conspiracy, there was no necessity that the overt act laid to him in the third count of the indictment be proved. It was sufficient, after proof of the conspiracy had been made, that the Government establish an overt act of any one of the three conspirators in furtherance of the unlawful combination; for the act of any one of the conspirators may be properly received in evidence against all. As was said in Bannon and Mulkey v. United States, 156 U.S. 464, 469, 15 S.Ct. 467, 469, 39 L.Ed. 494 supra: "To require an overt act to be proven against every member of the conspiracy, or a distinct act connecting him with the combination to be alleged, would not only be an innovation upon established principles, but would render most prosecutions for the offense nugatory." In Joplin Mercantile Co. v. United States, 236 U.S. 531, 535, 35 S.Ct. 291, 293, 59 L.Ed. 705, the Supreme Court said: "It is true * * * that a mere conspiracy, without overt act done to effect its object, is not punishable criminally under § 37 of the Criminal Code. But the averment of the making of the unlawful agreement relates to the acts of all the accused, while overt acts may be done by one or more less than the entire number, and although essential to the completion of the crime, are still, in a sense, something apart from the mere conspiracy being 'an act to effect the object of the conspiracy.'" See also Braverman v. United States, 317 U.S. 49, 53, 63 S.Ct. 99, 87 L.Ed. 23, infra.

Upon the indictment in the instant case, appellant could have been properly convicted on the first two counts, from evidence that he received from the buyers the money paid for the narcotics, had there been no proof of conspiracy at all. Proof of his unlawful agreement with others to violate the Harrison Anti-Narcotic Act was the added ingredient essential to the establishment of his guilt under the conspiracy count. In the absence of a record of the testimony, it should be assumed on appellate review that appellant was convicted upon adequate evidence in the trial court. In the language of the Supreme Court, "where the same act or transaction constitutes a violation of two distinct statutory

provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306. See also Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489. Compare Albrecht v. United States, 273 U.S. 1, 11, 12, 47 S.Ct. 250, 71 L.Ed. 505.

We applied the principle of the Blockburger case in the affirmance of a conviction on a single indictment, containing four counts, each charging conspiracy to violate separate sections of the Internal Revenue Code pertaining to distilled spirits, in a case wherein *the record contained no bill of exceptions.* Judge Allen said: "Unless the indictment upon its face shows that there was but one offense, since appellants were found guilty upon all four counts, we assume that testimony was offered showing the existence of four separate conspiracies. While many of the same facts may have been relied on to support the verdict on each count, this circumstance does not establish appellants' contention. As a matter of law each of the offenses charged was separate and distinct." Fleisher v. United States, 6 Cir., 91 F.2d 404, 406.

Precisely the same reasoning appropriately applies here. That there is a determinative difference between review upon a transcript of testimony and upon a record revealing only the indictment upon which conviction rested. is made clear in Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23. There this court, from the evidence contained in the record on appeal, had found that there could be readily deduced a common design of the appellants and others, followed by concerted action, to commit the several unlawful acts specified in the seven counts of the indictment. 6 Cir., 125 F.2d 283. The Supreme Court reversed, pointing the distinction between appellate review upon a record containing the evidence upon which conviction rested, and a review resting solely upon construction of the indictment as in Fleisher v. United States, supra. The Chief Justice said, inter alia [317 U.S. 49, 63 S.Ct. 100]: "On the trial there was evidence from which the jury could have found that for a considerable period of time petitioners, with others, collaborated in the illicit manufacture, transportation, and distribution of distilled spirits involving the violations of statute mentioned in the several counts of the indictment. * * * The jury returned a general verdict finding petitioners 'guilty as charged', and the court sentenced each to eight years' imprisonment. On appeal the Court of Appeals for the Sixth Circuit affirmed, 125 F.2d 283, 286, on authority of its earlier decisions in Fleisher v. United States,, 6 Cir., 91 F.2d 404, and Meyers v. United States, 6 Cir., 94 F.2d 433. * * * Where each of the counts of an indictment alleges a conspiracy to violate a different penal statute it may be proper to conclude, *in the absence of a bill of exceptions, bringing up the evidence,* that several conspiracies are charged rather than one, and that conviction is for each. See Fleisher v. United States, supra; Schultz v. Hudspeth, 10 Cir., 123 F.2d 729, 730. But it is a different matter to hold, as the court below appears to have done in this case and in Meyers v. United States, supra, that even though a single agreement is entered into, the conspirators are guilty of as many offenses as the agreement has criminal objects." [Italics supplied.]

In Schultz v. Hudspeth, cited by the Supreme Court, supra, the Tenth Circuit Court of Appeals stated that the issues before it must be determined on the face of the indictment because the evidence adduced at the trial was not before the court and it must, therefore, be assumed that "the proof was sufficient to support all lawful offenses charged in the various counts of the indictment." 123 F.2d 730.

In my judgment, Krench v. United States, 6 Cir., 42 F.2d 354, is materially distinguishable from the case at bar. There, two of the conspirators, Johnson and Lamond, acted together throughout in the performance of the unlawful acts. As far as the opinion reveals, the appellant Krench did nothing beyond the original procuring of their unlawful actions. From this, the court reasoned that his mere *procurement* of their actions could not be doubly punished.

Here, the appellant Freeman both procured others to act unlawfully, and acted unlawfully in person. The indictment with which we are presently concerned charged, in the third count, a three-cornered conspiracy; and, as overt acts in furtherance thereof, that one conspirator, Blanch Williams made delivery on October 10th of the heroin covered by the first substantive count of the indictment; that another conspira-

tor, Georgia Freeman, made delivery of the heroin on the following day, October 11th, covered by the second substantive count; and that the third conspirator, appellant Freeman, received from the buyers in each instance the purchase money from the unlawful sales. These separate actions of the three conspirators constituted, when proven, proof of substantive crimes. That they were also overt acts in furtherance of the conspiracy, charged in count 3, does not merge the separate offenses.

"The offense [of conspiracy] becomes complete when the agreement is made. The only effect of the requirement that an overt act shall be shown is to permit an abandonment of the conspiracy in the meantime and the consequent avoidance of the penalty which the statute imposes." United States v. Manton, 2 Cir., 107 F.2d 834, 838. See also United States v. Britton, 108 U.S. 199, 204, 205, 2 S.Ct. 531, 27 L.Ed. 698. And it is most important to observe that the proceedings in the District Court were reviewed on appeal in Krench v. United States, supra, *upon the evidence in the case,* which showed that Krench *had merely procured others* unlawfully (1) to import and (2) to conceal contraband goods. Here, as has been previously stressed, *there is no record of the evidence adduced in the trial court and we are asked to look to the indictment alone.* Therefore, the Krench case furnishes for me no guidance to decision in the instant case, and I must base my judgment as to the correct disposition of this appeal upon the grounds which have been stated.