**Anthony COLOSACCO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 5283.**

United States Court of Appeals
Tenth Circuit.

Jan. 30, 1956.

Virginia C. Malloy, Denver, Colo., for appellant.

Donald E. Kelley, Denver, Colo. (Robert Swanson, Denver, Colo., on the brief), for appellee.

Before BRATTON, Chief Judge, HUXMAN, Circuit Judge, and MELLOTT, District Judge.

PER CURIAM.

Appellant, hereinafter referred to as defendant, having served the first of two consecutive sentences imposed upon him in 1951, assails the validity of the second and contends the trial court erred in denying his motion to vacate that sentence under Title 28 U.S.C. § 2255.

The details of defendant's offenses are set out in the opinion of this court af-

firming his conviction and sentences [1] and need not be repeated. Summarizing, one of the counts of the indictment under which he was convicted charged him with aiding, abetting, counselling, commanding, inducing and procuring his co-defendant, Dolan, in falsely assuming and pretending to be an agent of the Internal Revenue Bureau, United States Department of the Treasury, and in such pretended character demanding the sum of $2,500. The other count, and the one under which the sentence now in issue was imposed, charged that the defendant and Dolan conspired to commit the substantive offense charged in the preceding count.

Counsel presently representing the defendant urges that "cumulative sentencing" under the charges in the indictment constituted double punishment because, it is said, the same evidence supports both counts and convictions. Principal reliance seems to be placed upon Krench v. United States,[2] in which it was said:

"* * * [W]here it is necessary in proving one offense to prove every essential element of another growing out of the same act, a conviction of the former is a bar to a prosecution for the latter."

The rule is sound and was applied by this court in affirming defendant's conviction when his case was before it on appeal. The Robinson case,[3] cited in connection with the holding that the conspiracy to commit a substantive offense and the substantive offense were separate and distinct crimes, had stated the rule thus:

"The test for determining whether the offenses charged in the several counts of the indictment are identical is whether the facts alleged in one, if offered in support of the others, would sustain a conviction. Where each count requires proof of a fact, which the others do not, the several offenses charged are not identical."

Whether this court's decision affirming the defendant's conviction and sentence established the law of the case, as suggested by the United States Attorney upon brief, need not be decided. It is clear that Dolan, who had pleaded guilty to the substantive offense, could, as pointed out in the earlier opinion, have committed it by himself. It is also clear that this defendant aided and abetted Dolan in committing it, urging, after the initial visit and demand by Dolan, that the victim "cooperate" and pay the amount demanded. The elements of the conspiracy charged were an agreement to commit an offense against the United States and an overt act by one or more of the conspirators to effect the object of the conspiracy. This court held that the facts proved, together with the inferences to be drawn therefrom, warranted the jury in finding that this defendant and Dolan entered into an unlawful conspiracy to commit the offense charged in the earlier count, that thereafter Dolan committed such offense and that this defendant counseled, induced and procured its commission by Dolan.

The cases cited and relied upon by the defendant are distinguishable upon their facts. In each the proof of the substantive offense included every element of the conspiracy. In other words, the facts alleged in one, if offered in support of the others, would have sustained a conviction. In the case at bar, however, as this court previously pointed out the two counts charged separate and distinct offenses. Re-examination of the record convinces us the conclusion was right and should be adhered to. It follows, therefore, that the trial court did not err in denying the defendant's motion and supplemental motion to vacate, set aside and quash the judgment and sentence.

Affirmed.

1. Colosacco v. United States, 10 Cir., 196 F.2d 165.

2. 6 Cir., 42 F.2d 354, 356.

3. Robinson v. United States, 10 Cir., 143 F.2d 276, 277.