**WYATT et al. v. UNITED STATES.**

Circuit Court of Appeals, Third Circuit. January 24, 1928.

Rehearing Denied February 23, 1928.

No. 3646.

**1. Conspiracy ⊗➾43(12)—Proof of different and disconnected smaller conspiracies will not sustain conviction, single large one being charged.**

Where one large conspiracy is specifically charged, proof of different and disconnected smaller ones will not sustain conviction.

**2. Conspiracy ⊗➾47—Proof of crime, without connection with conspiracy charged, will not support conviction of conspiracy.**

Proof of crime committed by one or more defendants, wholly apart from and without relation to others conspiring to do the thing forbidden, will not sustain conviction of conspiracy.

**3. Conspiracy ⊗➾47—Evidence held sufficient for conviction of conspiracy to violate National Prohibition Act (27 USCA).**

Evidence that the relations of the parties, one to another, were of a character and their actions so linked as to indicate a common purpose to put their boroughs outside the National Prohibition Act (27 USCA) and make them safe places for manufacture and sale of moonshine, *held* to sustain conviction of conspiracy to violate such act.

In Error to the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

Walter Wyatt and others were convicted of conspiracy to violate the National Prohibition Act, and they bring error. Affirmed as to certain defendants, and as to others reversed, with direction for new trial.

George Wasser and Charles B. Prichard, both of Pittsburgh, Pa., P. K. Shaner, of Greensburg, Pa., and Warren H. Van Kirk, and H. D. Hirsh, both of Pittsburgh, Pa., for plaintiffs in error.

John D. Meyer, U. S. Atty., and Joseph A. Richardson, Asst. U. S. Atty., of Pittsburgh, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The indictment, drawn under section 37 of the Criminal Code (18 USCA § 88) and containing only one count, charged 19 persons with conspiring to commit an offense against the United States, namely, to violate provisions of the National Prohibition Act. 41 Stat. 305 (27 USCA). Fifteen were tried, 12 were convicted and sentenced and 11 have joined in this writ of error.

The conspiracy, as alleged, extended from 1921 until the finding of the indictment in 1926; evidence of the defendants' participation within the period of the statute of limitation being, of course, necessary to conviction.

The situation which the United States disclosed by its testimony in proof of conspiracy was, to say the least, extraordinary. Shortly stated, it showed that peace officers—constables and police—in the city of Monessen, and in the boroughs of Wireton and Pricedale, state of Pennsylvania, had, through a period of years, engaged in a sort of progressive or revolving combination with illicit liquor dealers, changing in personnel as officials changed and dealers came and went, and that the peace officers demanded and received money from those violators of the law who were willing to pay for protection, whether illicit manufacturers, prosperous bootleggers or petty dealers. The ramifications of the operation were many and the inter-relation of those who in one way and another participated in it were varied, yet they were in the main traceable and certain.

· The defendants contend, oddly enough, that this combination at times really effected enforcement of the National Prohibition Act, as, when a person had the temerity to make or sell liquor without paying for protection, his place was raided and his unlawful operations brought to an end. But aside from such a contention, made quite seriously, the defendants concede that on the testimony the jury might readily have found some of the defendants guilty of extortion—an offense under state law—and others separately guilty of substantive offenses against the National Prohibition Act, and that, indeed, the jury might have found separate groups of these defendants guilty of conspiring to commit offenses against the act. But they maintain that the evidence failed to prove that all had breathed together or conspired to do the elaborately extended and lengthily continued network of acts evidencing the conspiracy charged. Certainly we shall not review the conduct of all the individuals, accused and not accused, who were implicated in this running or revolving combination; nor shall we trace their relations one to another in their various and devious transactions, for that can only be done by repeating the greater part of many hundred pages of the record. We shall merely announce our conclusions as to whether, on the only substantial question raised by the writ of error, there is evidence that sustains the convictions.

[1, 2] Having a responsibility for the enforcement in this circuit, not only of the National Prohibition Law, but of federal laws generally, we are strongly of opinion that the conspiracy statute should not be · stretched to cover and be misused to convict for offenses not within its terms, and that, when resorted to, the conspiracy alleged must be proved as charged. When, as here, one large conspiracy is specifically charged proof of different and disconnected smaller ones will not sustain conviction; nor will proof of crime committed by one or more of the defendants, wholly apart from and without relation to others conspiring to do the thing forbidden, sustain conviction. Terry v. United States (C. C. A.) 7 F.(2d) 28, 30; United States v. McConnell (D. C.) 285 F. 164, 166.

[3] While each person in the offending combination here disclosed was, doubtless, actuated by motives of self-interest, whether in extorting money or paying money for protection against raid and arrest, it is evident that the relations of the parties one to another—not only those who dominated the organization, but also those in lower spheres

—were of a character and their actions were so linked as to indicate a common purpose to put their burroughs outside the National Prohibition Act and make them a safe place for the manufacture and sale of "moonshine" whisky. Astounding as this may seem, it was, nevertheless, possible, and, if the evidence is believed, it was true. Accordingly we find the evidence sustains the verdict convicting all defendants save those we shall specifically except.

Keeping in mind that the one crime which the indictment charged against all defendants is conspiracy to violate a law of the United States—not the substantive crime of violating the law itself—we have discovered no evidence that implicates John Sarnosky, Nathan Hollander and Hymie Cohen. · Therefore, wholly without regard to whether the evidence proves these three men separately guilty of violating the National Prohibition Act, we find no evidence that sustains the verdict finding them guilty of the conspiracy charged. United States v. Heitler (D. C.) 274 F. 401.

As to Walter Wyatt, William A. Horne, Joseph Mochnally, "Heine" Edwards, Andy Dudas, Harry Bierer, Joe Plakenger and John R. Mahusky the judgment is affirmed and as to John Sarnosky, Nathan Hollander and Hymie Cohen it is reversed with the direction that they be awarded a new trial.