## UNITED STATES v. BAKER.

### No. 129.

Circuit Court of Appeals, Second Circuit.

Oct. 17, 1932.

Louis Halle, of New York City (Milton R. Kroopf, of New York City, of counsel), for appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and Alfred C. McKenzie, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

With respect to the first count of the indictment, the conspiracy count, the appellant urges that the crime charged was not proved, and that error was committed in denying his motion to dismiss at the conclusion of the evidence. This count charges Baker with conspiring with Fulcher, Gurnack, and Dennis, and other persons unknown, to commit certain offenses, namely, to possess and transport intoxicating liquors within the United States, and to import such liquors into the United States without a permit, all in violation of the National Prohibition Act (27 USCA), and to import and bring into the United States intoxicating liquors without payment of customs duties and without compliance with the customs laws relating to inspection, entry, and so forth, in violation of the Tariff Act of 1930. The proof showed that Fulcher, Dennis, and Gurnack were enlisted members of the Coast Guard Service; the two first named being attached to picket boats stationed at Fire Island Inlet, and the last being assigned to a patrol boat operating out of Fire Island Station. Each of the coast guardsmen testified to having conversed with Baker about letting him bring a shipload of liquor through the Inlet and to receiving money from him. Although these conversations and payments were denied by Baker, it must be conceded that the jury was privileged to find that they occurred as testified to by the government's witnesses. Nevertheless, the appellant argues, the crime charged was not proved, because the charge is that of a single conspiracy in which all the alleged coconspirators participated with a unity of purpose, while each transaction testified to appears to have been a separate venture on the part of Baker and the particular coast guardsman with whom he dealt and to have been unknown to the other alleged conspirators, so that the proof shows only a series of

independent conspiracies between the defendant and each of the witnesses who testified against him. Such a variance between allegations and proof is urged as fatal, in reliance upon such cases as Wyatt v. United States, 23 F.(2d) 791 (C. C. A. 3), and United States v. Siebricht, 59 F.(2d) 976 (C. C. A. 2).

But the record does not bear out the appellant's argument. Dennis testified as follows:

"Q. Did you ever agree with Fulcher, Gurnack and Baker to bring liquor into the United States? A. I agreed with Fulcher and that boy.

"Q. Not with Baker. Is that it? A. Well, I told him he could bring it in."

This was a conversation which took place in March, 1931, and three days later Baker gave Dennis $500 which the latter says he divided with "the boys," keeping as his own share $60. This testimony shows that at least in that transaction Fulcher and Gurnack were privy to Dennis' agreement with Baker. Pro tanto it was proved that there was a conspiracy in which all four shared to allow Baker to bring liquor through the Inlet. This involved transportation within the territorial limits of the United States, which was one of the offenses Baker was charged with conspiring to commit. That the conspiracy was not proved to embrace other offenses charged, namely, those relating to the importation of liquor from without the United States, is immaterial. Kepl v. United States, 299 F. 590 (C. C. A. 9); Christiansen v. United States, 52 F.(2d) 950 (C. C. A. 5); Commonwealth v. Meserve, 154 Mass. 64, 72–74, 27 N. E. 997. The trial judge charged that the jury was to determine whether there was a conspiracy to violate either the National Prohibition Act or the Tariff Act, and whether any overt act was done in furtherance of it, and no exception was taken to this charge.

It is true that Gurnack's testimony does not disclose that he acted in concert with Fulcher and Dennis in respect to the February transaction when he received $150; nor does Fulcher mention Dennis and Gurnack as sharing in the moneys paid to him in May and September. Fulcher said he split his bribe between eight, but could name only Austin and Herby as those among whom it was divided. We can hardly say that Fulcher's testimony included Dennis and Gurnack in the conspiracy. But in any event the testimony of Dennis was sufficient to establish a conspiracy between all four at least as to the March transaction. This is enough to sup-

port the conviction. No objection was made to the introduction of the evidence of Fulcher and Gurnack, nor was the point raised that three conspiracies were being tried as one. In this circuit we have frequently announced that variance counts for little in a conspiracy charge unless the defendant has been misled. Meyers v. United States (C. C. A.) 3 F.(2d) 379, 380; United States v. Rowe (C. C. A.) 56 F.(2d) 747, 749; United States v. Sprinkle (C. C. A.) 57 F.(2d) 968, 969. Our decision in United States v. Siebricht, 59 F. (2d) 976, does not touch the situation now before us. There, if the two conspiracies were independent, the conviction could not stand because the case was left to the jury as a single conspiracy which included both the earlier one, outlawed by the statute of limitations if independent, and a subsequent one. It was a question of substance, not of formal variance, as here.

With respect to counts 2, 3, and 4 of the indictment, it is also contended that the crime charged was not proved. It is argued that each of these counts is laid under the bribery section of the Tariff Act of 1930 (19 USCA § 1601) and charges the promise and payment of money by Baker to influence a coast guardsman to neglect his duty by allowing the import and bringing of liquor into the United States in violation of the customs laws and in violation of the National Prohibition Act which requires a permit for the importation of liquors, while the proof shows no importation and no intent to import merchandise to which the customs laws or said permit requirement of the prohibition law might apply, because there is absolutely no evidence that the liquor in question was ever outside the territorial limits of the United States. If the counts are so limited as claimed, the contention, though technical, would appear to be sound. But we do not read the bribery counts as so limited. In each it is alleged that, in consideration of the bribe, the coast guardsman was to allow the importation of intoxicating liquors without compliance with the Tariff Act and the permit requirement of the Prohibition Act, and was to do acts contrary to law, namely, among others, to "neglect and omit to seize the said intoxicating liquors and the vehicles and vessels upon which the said intoxicating liquors were conveyed." Allowing a cargo of liquors to be imported from without the United States necessarily involves allowing them to be illegally transported within territorial waters in violation of the Prohibition Act, the enforcement of which is within the duties of the

Coast Guard. Moreover, the count further alleges that it was the official duty of the guardsman to "investigate and report violations of the Tariff Act of 1930 and other laws of the United States." Hence we think the indictment may be read as charging bribery to induce the guardsman to neglect his official duties with respect to the liquor intended to be run through the Inlet, whether it came from without the United States or not. If so, there was no failure of proof.

The appellant further contends that a mistrial should have been declared because of alleged improper remarks made by the prosecutor in the presence of the jury. It will suffice to say that the point has been considered and is found to be without merit.

Judgment affirmed.