## VENTIMIGLIO v. UNITED STATES.
### No. 6162.

Circuit Court of Appeals, Sixth Circuit.
Nov. 11, 1932.

A. R. Devine, of Detroit, Mich., for appellant.

F. X. Norris, of Detroit, Mich. (Gregory H. Frederick, of Detroit, Mich., on the brief), for the United States.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

Yollo, Morelli, Gallagher, and appellant were indicted for conspiracy to violate sections 1 and 2 of the Harrison Anti-Narcotic Act (sections 692, 696, tit. 26, U. S. C. [26 USCA §§ 692, 696]) and the Narcotic Drug Import Act (section 174, tit. 21, U. S. C. [21 USCA § 174]), by purchasing, selling, dispensing and distributing, in unstamped packages, morphine unlawfully imported. The indictment alleged three overt acts.

Appellant alone was placed on trial and was convicted. He challenges the correctness of the court's denial of the motion for a directed verdict.

The evidence is that Leo Huth, an addict, living at Follansbee, W. Va., had purchased morphine from Gallagher for at least four years prior to the indictment; that in September, 1930, Gallagher introduced Morelli to Huth; that the purpose of the meeting was to arrange for Morelli to supply Huth with morphine; that Morelli sold morphine to Huth at intervals until December 18, when Huth and Morelli met by appointment at Morelli's address, 2333 Park Avenue, Detroit; that Morelli then sold Huth two ounces of morphine for $120, for which he received payment; that Huth, then owing Morelli $30 upon a previous purchase, contracted for another ounce and gave Morelli his check for $90, payable January 19, in satisfaction of the $30 debt and the additional ounce to be delivered; that Huth intended to date the check January 19, 1931, but inadvertently dated it January 19, 1930; that Morelli failed to deliver the extra ounce, whereupon Huth stopped payment of the check.

The government's proof fails to show that appellant was acquainted with Morelli, Gallagher or Yollo. So far as appears from the evidence, he had never met any of them and knew nothing of the above-related incidents or transactions. He conducted a fish market at 739 Chene street, Detroit. On January 26, 1931, at about 5 p. m., narcotic officers stationed near his fish market saw appellant come to the door three or four times in rapid succession and look up and down the street. Finally appellant's lips were seen to move, and he motioned to a boy, his employee, who was polishing a car at the curb. The boy followed appellant into the market, and then came out and hurried to a nearby pool room. He entered the pool room and came out, followed immediately by Sam Rappa. Both Rappa and the boy hastily entered the fish market. After a few minutes, Rappa emerged, and while walking rapidly toward the pool room was arrested. He was carrying a one-ounce unstamped can of morphine wrapped in sheets of the Detroit News of January 11, 1931, the whole inclosed in a paper sack. The officers entered the market and found similar paper sacks and other and different

sheets of the News of January 11. Appellant was not in the fish market. He was found at supper in his home nearby. On his dining table upon a spindle was found with other checks the check for $90 which Huth had given to Morelli. This check had been cashed on January 6 at a local bank by Rose Ventimiglio, wife of appellant, but when its payment had been stopped it had been delivered by the bank to appellant and the proceeds charged to the joint account of appellant and wife. The check did not bear the indorsement of appellant, but had been indorsed by his wife. There is evidence tending to show that appellant's wife had received this check from Colagero Tocco, for whom she had cashed it. When the officers entered the fish market on January 26, they found Tocco there among others. Tocco and Rappa afterwards pleaded guilty to the possession of the morphine found upon Rappa.

We think that this evidence is too unsubstantial to sustain the verdict. The gravamen of the indictment is the *alleged conspiracy between Yollo, Morelli, Gallagher and appellant* to violate the statutes in question. The proof fails to establish any common design between the alleged conspirators. There is no direct evidence of it, and we do not think that the circumstances justify an inference that it existed. Undoubtedly Huth, Morelli, and Gallagher were jointly and with common intent engaged in the violation of the narcotic laws, but it does not appear that appellant either acted in concert with them or knew of their unlawful purposes. A jury might infer from the presence of morphine in the fish market and from other circumstances proved by the government that appellant was guilty of the substantive offense of selling morphine. Again, a jury might well conclude that appellant along with Tocco and Rappa was guilty of a conspiracy to violate the narcotic laws, but such conspiracy is not alleged. It is wholly apart from and bears no relation to the conspiracy charged in the indictment against Yollo, Morelli, and Gallagher and appellant, and cannot support appellant's conviction. See Holt v. U. S., 42 F.(2d) 103, 106 (C. C. A. 6); Filiatreau et al. v. U. S., 14 F.(2d) 659, 662 (C. C. A. 6); Wyatt v. U. S., 23 F.(2d) 791 (C. C. A. 3); Tinsley v. U. S., 43 F.(2d) 890, 893 (C. C. A. 8); Terry v. U. S., 7 F.(2d) 28 (C. C. A. 9); Linde v. U. S., 13 F.(2d) 59, 61 (C. C. A. 8).

We find no merit in the attack upon the sufficiency of the indictment or in the complaint that the court refused to give the special instructions requested by appellant. These instructions were covered substantially by the general charge. Other matters complained of very probably will not arise upon a new trial.

Reversed.