## MOSS v. UNITED STATES.
### CALDERWOOD v. SAME (2 cases).
### TAFEL v. SAME.
Nos. 9040, 9041, 9042, 9043.

Circuit Court of Appeals, Sixth Circuit.
Feb. 5, 1943.

Donald B. Frederick, of Detroit, Mich., for appellant Abe Moss.

George E. Day, of Detroit, Mich., for appellants Calderwood.

Maximilian J. St. George and Leo J. Hassenauer, both of Chicago, Ill. (Maximilian J. St. George and Leo J. Hassenauer, both of Chicago, Ill., and Arthur H. Ratner, of Detroit, Mich., on the brief), for appellant Tafel.

Louis M. Hopping, of Detroit, Mich. (John C. Lehr and Louis M. Hopping, both of Detroit, Mich., on the brief), for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

SIMONS, Circuit Judge.

The appellants were tried, convicted and sentenced on an indictment charging seven separate and distinct conspiracies: (1) To carry on business as a wholesale and retail liquor dealer without the special occupational tax stamp required by law; (2) to possess distilled spirits, the immediate containers not having affixed thereto stamps denoting quantity and evidencing payment of internal revenue taxes; (3) to transport untaxed quantities of distilled spirits; (4) to carry on the business of distillers without having given required bond, and with intent to defraud the government of taxes; (5) to remove and conceal such spirits with intent to defraud the government of taxes; (6) to transport spirits of like character with like intent; and (7) to employ a vessel for the purpose of smuggling such spirits into the Dominion of Canada in violation of its laws. Moss was found guilty as charged, Calderwood, Sr. guilty on four counts, Calderwood, Jr., on five, and Tafel on two. In addition Moss and Calderwood, Jr. were, at the same trial, convicted on a separate indictment of the substantive offense of transporting unstamped distilled spirits.

Moss was sentenced generally to a term of ten years and fined $10,000 for the conspiracies, and to a term of five years for the substantive offense, the second term to run concurrently with the first. Calderwood, Sr. was sentenced to a term of fifteen months and directed to pay a fine of $1,000; Calderwood, Jr. to a term of five years with a fine of $1,000; and Tafel to a term of eighteen months with a fine of $1,000. Each of the defendants perfected his separate appeal, having challenged the submission of his case to the jury by a motion for directed verdict based upon failure of the evidence substantially to indicate his guilt. In addition, Moss expressly, and Calderwood, Jr. impliedly, assailed the validity of their sentences for the conspiracies on the ground that if conspiracy existed there was but one and not seven, making unlawful the imposition of sentences in excess of two years.

█ It is now conceded by the government that under the authority of Braverman v. United States, 63 S.Ct. 99, 87 L.Ed. —, decided November 9, 1942, since the sentences were imposed, the court had no power to impose a general sentence of ten years upon Moss for conspiracy, and we agree. As in the Braverman case, such proof as there was of concert of action between Moss and others, from which reasonable inferences might be drawn of unlawful agreement or conniving, points to but a single continuing agreement though embracing a multiplicity of criminal objectives. The sentence was unlawful and will have to be set aside.

█ But whether the indictment be construed as charging one or many conspiracies, the defendant Moss asserts he was unjustly convicted because of the failure of the government to prove the offense as charged. The record is long and involved. Careful scrutiny and analysis, however, reveal substantial evidence of Moss' activities in concert with others of the defendants, in one or more of the unlawful enterprises alleged. This much brief and argument of counsel seem to admit when they press upon us the contention that the evidence but shows that Moss decided to purchase illicit alcohol in Chicago, have it transported to Detroit and thence to Canada for sale, and in such enterprise engaged the services of Canadians Jolly and Barron who made several trips from Chicago to Detroit with loads of alcohol. This is advanced for the purpose of showing that while a conspiracy of some kind, to which Moss was a party, may, under the proofs, have been reasonably inferred, it was not the conspiracy charged in the indictment. The rule relied

upon is that proof of different and distinct conspiracies from that charged in the indictment for which the defendant is placed on trial, will not sustain a conviction. Wyatt v. United States, 3 Cir., 23 F.2d 791; Ventimiglio v. United States, 6 Cir., 61 F. 2d 619. Conceding existence and soundness of the rule we are convinced that it is not presently applicable. Though proof fails to show the full sweep of the conspiracy charged in the indictment, yet what is shown comes within its scope, there is no error in submission of it to the jury nor infirmity in a verdict of guilty. Nor must such conviction be set aside if the concert of action disclosed is between the convicted defendant and some, though not all, of the alleged conspirators. If this were not so there could never be a conviction for conspiracy, no matter how plain and obvious the guilt. The conspiracy here proved, in which Moss participated, was not a different and distinct conspiracy from that charged, even though the conspiracy alleged may not in all of its ramifications have been established nor the connection with it of all those named as conspirators fully proved. Likewise is there no failure of proof in the fact that one of its objects alleged as unlawful may not have been so. In any event, the proof of conspiracy being within the compass of that charged, the defendant was not prejudiced by failure to prove him guilty of greater offense.

There was substantial evidence warranting the submission to the jury of the guilt of Moss in transporting illicit spirits or in aiding or in abetting its transportation. The point made with respect to the evidence upon the charge in the substantive indictment is that the court was without power to sentence Moss both for transporting unstamped spirits and for conspiring to do so. Reliance is placed upon Krench v. United States, 6 Cir., 42 F.2d 354, (C.C.A. 6), and Reynolds v. United States, 6 Cir., 280 F. 1. There it was held that if one is indicted and convicted as a principal because he procured others to commit an unlawful act, to punish him for the same act under a second indictment for conspiracy would be double punishment, where the facts which the government was forced to rely upon in the one case to prove the substantive offense also proved the conspiracy. The cited cases are not apposite. The conspiracy here charged embraces many unlawful objects aside from the mere unlawful transporta-

tion of unstamped alcohol, and depends upon numerous overt acts in addition to transportation. It has been pointed out that "for two or more to confederate and combine together to commit or cause to be committed a breach of the criminal laws is an offense of the gravest character, sometimes quite outweighing, in injury to the public, the mere commission of the contemplated crime. It involves deliberate plotting to subvert the laws, * * * and it is characterized by secrecy, rendering it difficult of detection." United States v. Rabinowich, 238 U.S. 78, 89, 35 S.Ct. 682, 685, 59 L.Ed. 1211. As was there also said: "It * * * has been repeatedly declared in decisions of this court, that a conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy." See also Braverman v. United States, supra; United States v. McElvain, 272 U.S. 633, 638, 47 S.Ct. 219, 71 L.Ed. 451; United States v. Hirsch, 100 U.S. 33, 34, 35, 25 L.Ed. 539. We perceive no error in the conviction and sentence of Moss upon both indictments.

### As to Calderwood, Sr., No. 9041

Though an appeal was perfected on behalf of Robert Calderwood, Sr., no briefs were filed for him and no counsel appeared for argument after due notice. Since no unlawful sentence was imposed upon him, his appeal on motion of the government will be dismissed.

### As to Robert Calderwood, Jr., No. 9042

While in this case there are likewise no briefs and there has been no argument and the government moves to dismiss, yet the sentence in his case pronounced comprehends a conviction upon five counts of the conspiracy indictment, and being general in respect to the conspiracies does not disclose how much of it was due to the verdict of guilty on each count of the conspiracy charge. This court is not without power to take cognizance of plain error or to correct injustice even upon failure of litigants to safeguard their interests. Nor is it inopportune to condemn the loose practice of imposing general sentences upon multiple counts of a criminal indictment. The sentence in this case must be set aside and the cause remanded for re-sentence.

### As to Clement J. Tafel, No. 9043

The extent of Tafel's connection with the unlawful conspiracy is limit-

ed to his rental to one Frankel of premises in Chicago adjoining those occupied by his own business, to permitting Frankel to connect his electric light wiring to the appellant's meter, and to acting as an intermediary for the sale of the real estate by its owner to Frankel. It does not clearly appear that he knew Frankel was operating a still on the second floor of the premises, though there may have been suspicious circumstances to put him on guard. There is no proof that Tafel in any way co-operated with Frankel or any other conspirator, or that he knew any of the conspirators other than Frankel. Even so, the question as to whether mere knowledge of an unlawful conspiracy constitutes the person having such knowledge a conspirator has been completely set at rest and answered in the negative by United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128. The motion for directed verdict in Tafel's case should have been granted.

Our disposition of the four appeals is as follows:

The sentence in 9040 upon Moss is set aside and the case remanded to the District Court for re-sentence in conformity herewith.

The appeal of Robert Calderwood, Sr. in 9041 is dismissed.

The sentence upon Calderwood, Jr. in 9042 is set aside and the case remanded to the District Court for re-sentence in conformity herewith.

In case 9043 the judgment of conviction upon Tafel is reversed.