**BROOKS et al. v. UNITED STATES.**

**No. 11906.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1947.

J. W. Arnold, Abit Nix and Joseph E. Webb, all of Athens, Ga., for appellants.

John P. Cowart, U. S. Atty., and T. Reese Watkins, Asst. U. S. Atty., both of Macon, Ga., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

Upon an indictment in one count charging fourteen defendants with a single conspiracy to manufacture, possess,. control, transport and sell distilled spirits in violation of internal revenue laws, the United States put twelve of them on trial and obtained a conviction against them.

Appealing from their conviction, the defendants are here insisting that there was a prejudicial and fatal variance between the indictment and the proof in that the indictment charged one general conspiracy, while the proof at best for the government showed several separate ones. In further emphasis of the claimed. prejudice, they assign error to the action of the court in admitting in evidence, on the general theory that all were charged with conspiracy and what any one of them said or did was admissible against the others, statements made by some defendants who were not shown to be connected with the conspiracy charged.

The United States, insisting that there was no variance and that if there was it did not affect the substantial rights of the accused, relies for affirmance on Berger v. United States, 295 U. S. 78, 55 S.Ct. 629, 79 L.Ed. 1314, and cases from this court like Kopald-Quinn v. United States, 5 Cir., 101 F.2d 628 and Baker v. United States, 5 Cir., 156 F.2d 386.

Appellants, on their part, rely on that line of cases of which Kotteakos v. United States, 328 U. S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557, is the culmination, holding that where one general conspiracy is charged, proof of several separate conspiracies constitutes a variance, and that the harmless error rule, Jud. Code, § 269, 28 U.S.C.A. § 391, will not save a reversal where it is not made clear that no prejudice has resulted from the error.

■ It is perfectly clear on the record that there is proof as to most, if not all,

of the appellants tending to show complicity in one or more illegal enterprises or ventures having to do with distilled spirits. It is equally clear, however, that while the proof tends to connect some of the defendants in a common conspiracy, it completely fails to connect others of the defendants with that conspiracy. On the contrary, it tends to show the existence of, and to connect some of the defendants with, entirely separate and distinct conspiracies. For example, while there is evidence tending to tie the Stricklands in with each other and some of the other defendants in certain transactions, and evidence tending to tie Kinney and Brooks together in some and Kinney and Woods together in others, there is no evidence tending to make an over all tie-in of all of the defendants in one general conspiracy. The record standing thus, while it would have been entirely permissible to have tried all these persons and all these conspiracies together in one indictment in several counts under Rev. St. § 1024, 18 U.S.C.A. § 557,[1] it was reversible error to send them all to the jury under an indictment in one count charging one general conspiracy.

The charge here was a blanket one that all of the defendants were parties to a single general conspiracy, and the evidence in the case as to any agreement or understanding between some of the defendants at least is wholly circumstantial. In this situation, due process as to each defendant required for a conviction that the evidence be strong enough to exclude every other reasonable hypothesis than the guilt of that defendant of the precise conspiracy charged.[2] It also required that in the re-ception and application of the evidence offered to prove that conspiracy, each defendant should by appropriate rulings and instructions be protected from the hazard of being convicted on the general principle apparently relied on by the government below and here that, though not shown to be guilty of the particular conspiracy charged, no legal harm would be done any defendant by convicting him upon proof that he was engaged with any other of the defendants in a separate conspiracy of the general nature of the conspiracy charged. This theory approved by the Circuit Court of Appeals in the Katteakos case was definitely repudiated in the Supreme Court. It will not be approved here.

It will serve no useful purpose for us to set out in any detail what the record shows. It is sufficient to say that the trial was conducted too much on the apparent assumption that, since the evidence as to most, if not all, of the defendants tended to prove that they were each severally connected with the illicit manufacture, the possession, the transportation, or the selling of liquor, evidence as to what any of the defendants said or did would be admissible against all of the others.[3] It was conducted too much, too, on the assumption that it was immaterial whether the proof showed one conspiracy with which all of the defendants were connected, or separate conspiracies with which some, but not all, of them were. Upon the authority of Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557, the judgment of conviction must be reversed and the cause remanded for further and not inconsistent proceedings.

---

[1] Kotteakos v. United States, 328 U.S. at pages 774, 775, 66 S.Ct. 1239, 90 L. Ed. 1557.

[2] Copeland v. United States, 5 Cir., 90 F.2d 78; Kassin v. United States, 5 Cir., 87 F.2d 183.

[3] At pages 58, 59 of the Record, the following appears:

Objection having been made by a witness as to what Clarence Berryman, one of the named defendants told him, the court asked, "Is Berryman a co-conspirator?"

The District Attorney replied, "Yes, Joe Strickland is a conspirator, and Berryman is a co-conspirator."

Court: "I will overrule the objection."

If what was meant was that they were charged as conspirators, the colloquy was in accordance with the record. If what was meant was that there was proof that Berryman was a co-conspirator, as charged, the record is devoid of evidence.