**UNITED STATES v. CLEVENGER et al.**

**Cr. Nos. 12914, 3983.**

United States District Court
E. D. Tennessee, N. D.
Nov. 9, 1951.

Otto Ault, U. S. Dist. Atty., Knoxville, Tenn., Ferdinand Powell, Jr., Asst. U. S. Dist. Atty., Knoxville, Tenn., for plaintiff.

William C. Tompkins, Springfield, Ohio, for defendants.

ROBERT L. TAYLOR, District Judge.

The prisoner, Hardy Clevenger, proceeding under 28 U.S.C. § 2255, has filed a motion to vacate sentence imposed under Count One of a two-count indictment. Count One of the indictment charged conspiracy to transport interstate stolen money of the value of more than five thousand dollars. Count Two of the indictment charged defendant and others with having transported interstate stolen money of the value of more than five thousand dollars. In each count this defendant and those indicted with him were charged with knowing the money to have been stolen. Hardy Clevenger was sentenced to prison for a term of two years on Count One and for a term of ten years on Count Two, the sentences to run consecutively.

Motion to vacate the two-year sentence is based on the contention of the defendant that the conspiracy count did not charge an offense upon which a separate sentence could be imposed, for the reason that the substantive act toward which the alleged conspiracy was aimed was so intimately connected with the conspiracy, and vice versa, as to constitute but one offense. The principle of law relied on is that where con-cert of action by two or more defendants is necessary for commission of the substantive crime, there can be no valid conviction for conspiracy to commit the crime.

The substantive crime in this case was transporting stolen money from Virginia into Tennessee, knowing the same to have been stolen. The conspiracy count charged that the defendants, knowing the money to have been stolen, conspired that they would transport the same interstate; also, that they would themselves move interstate with intent to avoid prosecution for robbery and assault with dangerous weapons, and attempts to commit the same, in Virginia. Count One charges them as conspirators with having committed certain overt acts, both before and after commission of the substantive crime, those committed before being of a preparatory character looking toward commission of the substantive crime, those done after consisting of dividing their loot and destroying evidence of their substantive crime.

It is not necessary to consider the sufficiency of the retrospective conspiratorial acts, for the reason that the question is not raised. Prospective conspiratorial acts were charged in Count One, and defendant was found guilty on that count. The point raised here by defendant is that the substantive crime and the conspiracy were but one offense by reason of their intimacy of connection, the decision and plan to commit the substantive crime being an inseparable part thereof.

But in the Court's opinion, this is not a case within the principle on which defendant relies, but on the contrary the file and records of his case show that he is entitled to no relief under 28 U.S.C. § 2255. The substantive crime was not one which required concert of action on the part of defendant and his confederates. One person acting alone could have carried stolen money across a state line. One person, acting alone, could have crossed a state line to avoid prosecution for robbery. Two persons could have conspired to commit a robbery, which itself could have been committed by one of them. Two persons could have conspired to transport stolen money, or money obtained by robbery, but

one person alone could have transported the money across a state line. Two persons could have conspired to cross a state line in order to escape prosecution for robbery, but one of them could have crossed the state line while the other could have declined to do so, or could have gone into a state other than the one contemplated in the conspiracy.

The conspiracy count of the indictment was based upon Title 18 U.S.C., former section 88 [now section 371]. The substantive crime charged was violation of Title 18, former sections 408e and 415 [now sections 1073 and 2314]. In Freeman v. United States, 6 Cir., 146 F.2d 978, 979, the court said: "It is the general rule that a conspiracy to commit a crime is a different offense from the crime which is the object of the conspiracy. United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; Ford v. United States, 273 U.S. 593, 619, 47 S.Ct. 531, 71 L.Ed. 793; Heike v. United States, 227 U.S. 131, 33 S.Ct. 226, 57 L.Ed. 450; Moss v. United States, 6 Cir., 132 F.2d 875." See, also, Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489.

The court in the Freeman case recognized the principle relied on by defendant. There the court said: "There is excluded from the rule conspiracies to commit crimes which in their very nature require concerted action of all the participants. In such cases, the result has such a close connection with the objective offense as to be inseparable from it. United States v. Katz, 271 U.S. 354, 355, 46 S.Ct. 513, 70 L.Ed. 986; Lisansky v. United States, 4 Cir., 31 F.2d 846, 67 A.L.R. 67."

While the Freeman case recognized the principle contended for by defendant, the court stated a broader principle with respect to separate offenses. This is a rule of evidence. In the Freeman case the defendants were indicted and convicted for sale of contraband drugs and for conspiracy to sell the same. The court said, 146 F.2d 979: "The test to be applied here is whether it was necessary in proving the sales to prove every essential element of the conspiracy. Kelly v. United States, 6 Cir., 258 F. 392." In the Freeman

case the court had said: "Clearly, the substantive offenses which were the objects of the present conspiracy did not from their nature require concerted action of two or more persons. One person could purchase, sell, dispense or distribute the drug mentioned without the aid of another." With reference to the indictment, the court said: "The overt acts stated in the third count in the indictment are two in number: (1) That a defendant under counts 1 and 2 delivered the drug; (2) that another defendant collected the money. The third count of the indictment clearly alleged a conspiracy, but it is equally clear that counts 1 and 2 included every element of the conspiracy. All of the parties to the conspiracy count were principals in the other two counts. There can be no doubt that the substantive offenses charged in the two counts required proof of joint action, just as it was required under the third count."

In its opinion in the Freeman case the court referred to two of its earlier decisions, namely, Krench v. United States, 6 Cir., 42 F.2d 354, and Moss v. United States, 6 Cir., 132 F.2d 875. The Freeman case and the Krench case, the court observed, were indistinguishable, the proof that established the conspiracy being the same that established the substantive offense. In those cases the court held that separate sentences on the substantive and conspiracy counts were improper. With reference to the Moss case, however, the court said: "It was there pointed out that the conspiracy count embraced many overt acts aside from the substantive offense." In the Moss case the court upheld the separate sentences.

The case here comes within the rule of the Moss case. The conspiracy count charged the defendant and one or more of the other conspirators with a number of overt acts, conspiratorial in character, but entirely separate and independent of the substantive offense. The language of the indictment indicates that the defendant and others designed to go into Virginia, commit a robbery and flee back into Tennessee with their loot. In the conspiracy count defendant and another were charged

with having met in Morristown, Tennessee. The count charges, also, that one of the conspirators obtained in Morristown a pair of smoked glasses and that the same conspirator drove an automobile en route from Morristown, Tennessee, to Gate City, Virginia. Those overt acts could have been proved by evidence entirely apart from that required to prove that the conspirators later fled into Tennessee with stolen money. And the substantive offense of crossing from Virginia into Tennessee with stolen money, knowing the same to have been stolen, and of crossing the state line to avoid prosecution for robbery, could have been proved by evidence entirely apart from the evidence required to prove the conspiratorial acts.

There is, accordingly, no basis for disturbing the sentences imposed on the defendant. Let defendant's motion be filed as a part of the record in the case and an order be prepared overruling and denying the same. Defendant having made affidavit as to his poverty, he will be allowed to file his motion in forma pauperis.