**MONTFORD et al. v. UNITED STATES.**

No. 14065.

United States Court of Appeals
Fifth Circuit.

Dec. 29, 1952.

Marion B. Knight, Blountstown, Fla., Zach H. Douglas, Jacksonville, Fla., for appellants.

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., George Earl Hoffman, U. S. Atty., Pensacola, Fla., for appellee.

Before BORAH, STRUM and RIVES, Circuit Judges.

STRUM, Circuit Judge.

Appellants were convicted of conspiring to violate the Internal Revenue Laws relating to the manufacture, possession, and sale of non-tax paid distilled spirits. 26 U.S. C.A. §§ 2803(a), 2810(a), 2833(a) and 2834. On appeal it is contended, *inter alia,* that hearsay evidence was erroneously admitted at the trial in an effort to connect appellants with the conspiracy.

The evidence reveals a series of typical clandestine sales of moonshine whiskey, usually conducted late at night in the back yard of a dwelling near the outskirts of Blountstown, Florida, in which vicinity appellants lived. The United States contends that appellants made these sales to various purchasers in the back yard of their home in circumstances which amounted to a conspiracy. The principal issue at the trial was the identity of the sellers of the whiskey, and the place at which the sales were made.

Several purchasers of the whiskey who were named in the indictment as co-conspirators with appellants, but not co-defendants, testified for the prosecution. One of these witnesses was asked if she knew the defendant L. T. Montford, and if she knew from whom she and her companions bought the whiskey, and who they paid for the whiskey, and at whose place they bought it. She replied that "He (referring to one Dick Reaves who accompanied the witness while, making several purchases and who was also named as a co-conspirator) got it from

whom he said was Mr. Montford; * * *. He paid the money to whom he said was Mr. Montford; * * *. We went to where he (her companion) said it was Mr. Montford's; * * *. He called him Mr. Montford in my presence."

Appellants objected to and moved to strike the foregoing testimony as hearsay, but were overruled and the testimony admitted. It is not claimed that any of these statements, except the last, were made in the presence of the defendants.

■ If the witness heard her companion address the defendants by the name of Montford, while purchasing the whiskey, that fact would be admissible as an inculpatory statement made in the presence of the defendants. But the witness refused to identify the defendants as the persons so addressed, saying as to Mr. Montford, "That doesn't look like the man I saw when I went there," and as to Mrs. Montford, "That doesn't look like the lady I saw there. The lady I saw there was stouter and did not wear glasses." And again, on cross-examination, with the defendants standing before her, the witness stated "I said that he (Montford) did not look like the man that was there whenever we went there; * * *. He doesn't look like the man I saw; * * *. The lady I saw there was stouter, the best I remember; * * *. I did not see her with glasses on if she wore glasses." This negative testimony completely nullifies the probative value of the statement "He called him Mr. Montford in my presence" as a statement made in the presence of *these* defendants. There is no other competent evidence tending to identify these defendants as the persons so addressed.

The remaining statements of the co-purchaser Reaves above referred to, not having been made in the presence of the defendants, are inadmissible as hearsay unless, as the United States contends, they are admissible as declarations of a co-conspirator in furtherance of the objects of the conspiracy.

• ■ The declarations of one conspirator made in furtherance of the objects of the conspiracy, and during its existence, are admissible against all members of the conspiracy. Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429. But a defendant's connection with a conspiracy can not be established by the extra-judicial declarations of a co-conspirator, made out of the presence of the defendant. There must be proof *aliunde* of the existence of the conspiracy, and of the defendant's connection with it, before such statements become admissible as against a defendant not present when they were made. Glasser v. United States, 315 U.S. 60, 74, 62 S.Ct. 457, 86 L.Ed. 680, 701; Minner v. United States 10 Cir., 57 F.2d 506; May v. United States, 84 U.S.App.D.C. 233, 175 F.2d 994; United States v. Nardone, 2 Cir., 106 F.2d 41, reversed on other grounds, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307.

■ The testimony here does not satisfy the last mentioned requirement. Aside from the above quoted statements of the alleged co-conspirator, Reaves, not made in the presence of these defendants, there is nothing to connect the defendants with a conspiracy of which Reaves was a member. It is true that another witness, Willie Baxter, testified that at about the same time he bought whiskey from the defendants at their home on the outskirts of Blountstown in circumstances which closely parallel the sales to Reaves and his companion, so that a conspiracy between the defendants and the witness Willie Baxter may have been established. There is nothing here, however, to connect Reaves with that conspiracy so as to render his statements admissible against the defendants as the statement of a co-conspirator. Compare Brooks v. United States, 5 Cir., 164 F.2d 142; Kotteakos v. United States, 328 U.S. 750, 66 S. Ct. 1239, 90 L.Ed. 1557; Telman v. United States, 10 Cir., 67 F.2d 716; Wyatt v. United States, 3 Cir., 23 F.2d 791. Whatever relationship may have existed between the defendants and Willie Baxter was, so far as the evidence shows, entirely independent of and unconnected with any conspiracy that may have existed between the defendants and Reaves. Without the above quoted statements of Reaves, there is no evidence to establish the existence of a conspiracy between Reaves and the defendants. In these

circumstances what Reaves said to the witness whose testimony is above quoted, in the absence of the defendants, is hearsay. Its admission was erroneous and prejudicial, for which reason the judgment must be reversed.

Reversed and remanded.