Huey CASH, Fuller Cash and Arthur Reagan, Jr., Appellants,

v.

UNITED STATES of America, Appellee.

No. 17991.

United States Court of Appeals Fifth Circuit.

June 10, 1960.

Rehearing Denied Aug. 12, 1960.

---

Wesley R. Asinof, Atlanta, Ga., for appellants.

William C. O'Kelley, Asst. U. S. Atty., Charles D. Read, Jr., U. S. Atty., John W. Stokes, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES, Chief Judge, and CAMERON and BROWN, Circuit Judges.

## PER CURIAM.

This appeal is from judgments of conviction for conspiracy to violate the internal revenue liquor laws and for the possession and sale of non-tax-paid distilled spirits. The only specification of error relied upon reads as follows:

"1. The Court erred in overruling the objection made by counsel for the Appellants and in permitting the introduction of the testimony concerning conversations between the government witness John R. Evans and alleged coconspirator Jimmy Sanders outside the presence of any of the defendants on trial, inasmuch as the government had failed to prove a prima facie case of conspiracy between Jimmy Sanders and the defendants on trial."

The conspiracy was, we think, established by ample evidence. Sanders, a Negro sharecropper with Huey Cash, lived on Cash's land about 250 yards from the Cash residence. Evans was working in an undercover capacity with a Federal Alcohol and Tobacco Tax Agent. On March 20, 1958, Cash agreed to supply Evans as much whiskey as Evans wanted at $35.00 a case. Evans was to return the following morning. Evans testified that upon his return:

"I said I went down to his house and blowed the horn and called him a time or two, and he wouldn't get up; somebody finally hollered and asked me what did I want; I told him I had come after it; he said, 'See Jimmy,' and I went up to the colored man's house and got it."

Evans was familiar with Cash's voice. He did not positively recognize the shouted direction to "See Jimmy" as Cash's voice, but merely assumed that. Evans then went to Jimmy Sanders' house, where he paid Jimmy $35.00 per case for four cases of non-tax-paid whiskey. Five days later, after again contacting Cash, Evans made a similar purchase, the delivery being made by Jimmy Sanders from a nearby church. A few days later, on April 1, 1958, Evans introduced the federal agent Powell to Cash, pretending that Powell was a bootlegging associate. Cash agreed on another sale of whiskey and told them that Jimmy would have it the next morning and to "go to Jimmy's house," "whenever you want whiskey, see Jimmy." Evans went alone, and testified, "Jimmy told me when I went after the whiskey the next morning he had done sold it before Huey saw him, all they had." Jimmy Sanders then dropped out of the picture. The conspiracy was well established independently of the statements of Jimmy Sanders to which Evans testified, and Jimmy's statements to Evans were admissible. Montford v. United States, 5 Cir., 1952, 200 F.2d 759, 760. Those statements related directly to the appellant Huey Cash alone, and it is therefore not necessary to trace the evidence as to the connection of the other two appellants with the conspiracy. The sufficiency of that evidence is not questioned. The judgment is

Affirmed.