UNITED STATES of America, Plaintiff-Appellee,

v.

Loyd Donald DURHAM, Gordon Lee Ritchie, Carol Richard Lawson, Van Eastly Hicks, Defendants-Appellants.

No. 14891.

United States Court of Appeals Sixth Circuit.

Oct. 18, 1962.

Oliver W. Gfroerer, Chattanooga, Tenn., on the brief for appellants.

B. B. Guthrie, Asst. U. S. Atty., Chattanooga, Tenn., J. H. Reddy, U. S. Atty., B. Bruce Guthrie, Asst. U. S. Atty., Chattanooga, Tenn., on the brief for appellee.

Before McALLISTER and WEICK, Circuit Judges, and LEVIN, District Judge.

PER CURIAM.

Appellants were convicted by a jury in the District Court on a single count indictment charging them and thirteen other persons with conspiracy to violate the Internal Revenue laws relative to the manufacture, sale and possession of intoxicating liquors.

The Government had introduced evidence at the trial relative to four illicit distillery sites all located in the mountainous and river canyon section of Hamilton County and Marion County, Tennessee. Three of the sites were separated from the other site by a distance of several miles.

At the conclusion of the Government's case, appellants moved for a directed verdict of acquittal contending that the evidence established two or more conspiracies instead of the one general conspiracy charged in the indictment and that there was a fatal variance between the indictment and proof. They relied on Brooks v. United States, 164 F.2d 142, (C.A. 5). The court ruled that the evidence was insufficient to warrant submission of the case to the jury as to defendants Gary Carl Durham and William Thomas Guess and dismissed them. He granted permission to the Government to enter a nolle prosequi as to Clifford Arnie Durham. The court further held that the evidence as to still sites two, three and four was not sufficiently connected to the conspiracy charged in the indictment and instructed the jury to disregard it. The evidence with respect to these three still sites was not extensive and concerned only a few of the defendants. The evidence which remained related only to still site No. One and as to this site there-

was substantial evidence connecting all of the defendants with the conspiracy. The court denied the motion for a directed verdict of acquittal.

In this Court, appellants complain of the rulings of the trial court in confining the jury to the consideration only of the testimony with respect to still site No. One and denying the motions for a directed verdict of acquittal. If the testimony relating to still sites Nos. two, three and four involved other conspiracies with which these appellants were not connected, there was certainly no prejudice to them for the District Judge to remove such testimony from the case. It might have been error for him not to do so. When this was done the evidence which remained related only to the one conspiracy charged in the indictment and there was no variance between the indictment and the Government's proof. The court was justified in denying the motions for a directed verdict of acquittal.

We find no prejudicial error in the record and the judgments of conviction are affirmed.