THE COMMONWEALTH OF PUERTO RICO, Plaintiff and Appellee, *v.* COMPAÑÍA DE FIANZAS DE PUERTO RICO, Defendant and Appellant.

No. CE-65-14.        Decided February 7, 1967.

*E. Martínez Rivera* and *Edelmiro Martínez, Jr.,* for petitioner-appellant. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for plaintiff-appellee.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Santana Becerra, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Appellant, Compañía de Fianzas de Puerto Rico, gave bail bond to secure the appearance at the trial of Roberto Dávila Alonso accused of larceny by use. Dávila was charged with stealing, together with another person, an automobile on December 16, 1961. The bond was given the following 20th. From the record it appears that on December 29, the Clerk of the District Court, Mayagüez Part, issued a summons notifying defendants that the trial was set for January 16, 1962. It was stated that the address of the defendant Roberto Dávila Alonso was 102 San Rafael Street in Mayagüez. At the back of the order there is a note which reads: "Both defendants were summoned personally," followed by the initials ERC and the date 1/10/62. Dávila did not appear. On February 16, 1962, the Clerk issued a new summons against Dávila for the hearing of the case on the following February 27. On that same date the District Judge entered an order requesting Carlos M. Feliú, representative of the surety company, to bring the defendant, Dávila, before the court on February 27, warning him that he should appear "to set forth the reasons he may have by virtue of which the bond should not be forfeited." Notice of this order was served on Feliú on February 19. On Febru-

ary 27, a note of the judge appears to the effect that it was not possible to find the defendant and that an opportunity was given to the sureties to find him before declaring the bond forfeited.

On March 13, 1962, another summons was issued against defendant, resident of 102 San Rafael Street, Mayagüez, for the hearing of the case to be held on the following March 26. Marshal E. Casiano states "The defendant left Mayagüez, I could not find him. 5/3/1962." On May 23, 1962, the forfeiture of the bond given to secure Dávila's appearance was ordered. After the necessary steps were taken in which the surety company intervened, the latter was ordered to pay the amount guaranteed by the bond. We consented to review the judgment decreeing said forfeiture.

It sets forth two principal grounds for reversal of the judgment of the trial court: (1) that it was not alleged in the complaint nor proved at the trial that the accused was released by virtue of the bond and (2) that the defendant was not summoned for the trial.

In support of its position it invokes *People* v. *Noble*, 28 P.R.R. 655 (1920). Although in *Noble* we expressly stated that we abstained from considering the question of whether it was an essential allegation that the defendant had been released by virtue of the bond, this expression, enunciated almost half a century ago, is certainly incompatible with the present proceeding. To require an allegation in the sense that the defendant was released by virtue of the bond is simply frivolous. If the bond was given, it was surely because the defendant was imprisoned. And if he was not released, for whatever reasons there might be, is a defense to be brought by the surety company. More than fifty years ago when this same question was raised before the Supreme Court of Oklahoma in *Melton* v. *State*, 149 Pac. 154 (1915), it was stated as follows:

". . . Most assuredly it naturally occurs that, upon the giving of an acceptable bail bond, the discharge of the defendant immediately follows, and it is the rankest absurdity to presume that officials would forfeit a bail bond and institute suit thereon when the principal therein was still in jail, and had never been discharged by virtue of such bond. Besides, the plaintiff is never required to allege and prove facts peculiarly within the knowledge of the defendant, and, if it should be a fact that the principal obligor has never been released on the bond, but was still in jail, no one would be more painfully aware of that fact than he."

As to the fact that defendant was not summoned for trial, as we pointed out upon relating the facts, there is proof in the record that he was summoned to appear at the hearing of the case to be held on January 16, 1962. Now then, notwithstanding what was stated in *Noble*, on this particular, we shall consider at the proper time the surety's liability whenever an accused cannot be summoned for not being at the address he gave upon being arrested or otherwise for evading the summons. See *Los Angeles County* v. *Delahunt*, 279 Pac. 187 (Dist. Ct. App. 2d D. Calif. 1929) and *Western Surety Co.* v. *United States*, 51 F.2d 470 (9th Cir. 1931).

The judgment rendered by the Superior Court, Mayagüez Part, on June 11, 1965, will be affirmed.