**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Johnnie SOLES, Alfred R. Cooper, Jr.,**
**Thomas Jones, Jr., and James Devanna**
**Nelson, Jr., Defendants-Appellants.**

**Nos. 17913–17916.**

United States Court of Appeals
Sixth Circuit.

Oct. 4, 1968.

**522**

Joseph Lichtenbaum, court appointed, Cincinnati, Ohio, for appellant Soles.

Douglas M. Mansfield, Houston, Tex., for appellant Cooper, William F. Hopkins, Hopkins, Hopkins, Wilson & Morrissey, Cincinnati, Ohio, on brief.

Joseph Lichtenbaum, court appointed, Cincinnati, Ohio, for appellant Jones.

John J. Getgey, Jr., court appointed, Cincinnati, Ohio, for appellant Nelson.

E. Winther McCroom, First Asst. U. S. Atty., Cincinnati, Ohio, for appellee. Robert M. Draper, U. S. Atty., on brief.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

Appellants Soles, Cooper, and Jones were convicted under an indictment charging a conspiracy to manufacture, possess, and utter counterfeit Federal Reserve notes in violation of 18 U.S.C. § 371. Appellant Nelson, in addition to being found guilty of the conspiracy charge, was also convicted of the substantive offense of attempting to sell the counterfeit notes in violation of 18 U. S.C. § 472. Initially ten defendants were indicted and charged with participation in the conspiracy. However, prior to trial, four entered pleas of guilty, the indictment was dismissed as to one, and another could not be found.

The central figure in the case, and, after his plea of guilty the government's star witness, was Richard Rutter. He had been contacted by an acquaintance from Toledo, Ohio, concerning the possibility of obtaining a substantial quantity of counterfeit notes. In response to the request, Rutter first attempted to acquire the currency through an arrangement with Jones and another man, but this attempt aborted because of Rutter's lack of funds. Rutter then approached a man named Barkett and asked him to print the counterfeit notes and share in any proceeds from their sale. Barkett agreed to this scheme, but the notes he printed were unacceptable to Rutter's acquaintance from Toledo and the transaction was never consummated. Following this, Rutter and Barkett decided to destroy most of the currency, and apparently Barkett believed this is what was done. Rutter, however, lied to Barkett and in fact retained a large portion of the notes, in the hope that he could dispose of them elsewhere. It was at this point that Jones reentered the picture and the other three defendants appeared for the first time. They had no knowledge of the source of the notes or of Rutter's previous dealings. They did, however, subsequently aid Rutter in his efforts to distribute the counterfeit notes.

The government chose to characterize this series of events as one general conspiracy to manufacture, possess, and pass counterfeit notes, and charged all the defendants under one count of the indictment. A review of the record, however, convinces us that the "jury could not possibly have found, upon the evidence, that there was only one conspiracy." Kotteakos v. United States, 328 U.S. 750, 768, 66 S.Ct. 1239, 1249, 90 L.Ed. 1557 (1946). To the contrary, there were at least three separate conspiracies, and only Rutter and Jones were involved in a conspiracy to *manufacture*, possess and pass counterfeit notes.

Except as to Jones, this presents not only problems of variance between indictment and proof and failure of proof, but also a problem of proper joinder under Rule 8 of the Federal Rules of Criminal Procedure [formerly § 557 of the Judicial Code, 18 U.S.C. § 557]. In speaking

of the relationship between the harmless error rule, Fed.R.Crim.P. 52(a) [formerly § 269 of the Judicial Code, 28 U.S.C. § 391], and joinder, the Supreme Court has warned that "§ 269 carries the threat of overriding the *requirement* of § 557 for substituting *separate counts* in the place of separate indictments, unless the application of § 269 is made with restraint. The two sections must be construed and applied so as to bring them into substantial harmony, not into square conflict." Kotteakos v. United States, 328 U.S. at 775, 66 S.Ct. at 253 (emphasis added).[1]

We believe that the "threat" has become reality in this case. Thus, "while it would have been entirely permissible to have tried all these persons and all these conspiracies together in one indictment in several counts * * *, it was [except as to Jones] reversible error to send them all to the jury under an indictment in one count charging one general conspiracy" to manufacture, possess and utter the counterfeit notes. Brooks v. United States, 164 F.2d 142, 143 (5th Cir. 1947).

Appellant Nelson was also convicted of attempting to sell the counterfeit notes. On appeal he contends that he was entrapped into the commission of this offense by a federal agent. In a case involving facts strikingly similar to those present here, we held that merely affording an opportunity to engage in crime to one predisposed to committing an offense is not entrapment. United States v. Head, 353 F.2d 566, 568 (6th Cir. 1965). No more than that was involved here. Appellant Nelson's other assertions of error are also without merit.

The view we take of the joinder issue makes it unnecessary to consider the other assignments of error contained in appellants' briefs.

The convictions of Jones on the conspiracy charge and Nelson on the charge of attempting to sell counterfeit notes are affirmed. The convictions of Soles, Cooper and Nelson on the conspiracy charge are reversed.

---

1. Anomalously, § 557 applied "to joinder and consolidation of offenses against a single defendant, and to consolidation of offenses against multi-defendants" but not to joinder of offenses against multi-defendants. However, joinder of offenses against multi-defendants can have the same effect as consolidation, and therefore the Supreme Court's admonition is still appropriate. See J. Moore, Federal Practice ¶ 8.02[2] (2d ed. 1968).