UNITED STATES of America,
Appellee,

v.

Marty RUSSO, Defendant-Appellant.

No. 378, Docket 23952.

United States Court of Appeals
Second Circuit.

Argued June 8, 1956.

Decided July 19, 1956.

Marty Russo, pro se.

Paul W. Williams, U. S. Atty., for the Southern District of New York, New York City, for appellee.

Gabriel B. Schwartz, Asst. U. S. Atty., New York City, of counsel.

Before FRANK, HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

Russo and nine co-defendants were indicted. The indictment charged them, under 18 U.S.C. § 371, with conspiracy to violate 18 U.S.C. § 2312 by the transportation of stolen automobiles in interstate and foreign commerce. The indictment alleged the commission of overt acts, in furtherance of the conspiracy, by named defendants other than Russo. The defendants were convicted. On Russo's appeal from the judgment of conviction, we affirmed. Then Russo, pursuant to 28 U.S.C. § 2255, moved the district court to vacate the judgment, on the ground that the indictment was defective. The district court entered an order denying this motion, without a hearing because "the motion and the files and records of the case conclusively show that the petition is entitled to no relief." Russo has appealed from this order.

We think the motion wholly without merit: It was not necessary, on a conspiracy charge, to allege an actual violation of the substantive provisions of the statute. Nor was it essential to allege that Russo, as distinguished from other alleged conspirators, committed an overt act,[1] or to describe the vehicles transported. Accordingly, the judge did not abuse his discretion in denying the motion without a hearing.

Affirmed.

1. United States v. Rabinowich, 238 U.S. 78, 86, 35 S.Ct. 682, 59 L.Ed. 1211; Bergen v. United States, 8 Cir., 145 F.2d 181, 187–188.