UNITED STATES of America,
Plaintiff,

v.

Raymond ROSARIO, Defendant.

United States District Court
S. D. New York.

Sept. 26, 1956.

Motion for Rehearing Denied
Oct. 30, 1956.

· Paul ·W.· Williams, ·U. S. Atty. for the Southern Dist. of New York, New York City, for United States (Jerome J. Londin, Asst. U. S. Atty., New York City, of counsel).

Raymond Rosario, in pro. per.

LEIBELL, District Judge.

The defendant, Raymond Rosario, hereinafter referred to as the petitioner, filed with the Clerk of this Court on August 15, 1956, a motion under Section 2255, Title 28 U.S.C. to vacate the judgment and sentence imposed on Count Eleven of the Indictment. Petitioner contends that Count Eleven [a substantive offense involving the sale of five ounces of heroin on September 15, 1950] was merged in Count One of the indictment [conspiracy to sell marihuana, cocaine and heroin], on the grounds that the evidence that sustained Count One also sustained Count Eleven, and that the proof under Count One proved every essential element required for Count Eleven. Petitioner contends that in punishing him with consecutive sentences on the conspiracy and substantive Count Eleven, he has been subjected to double

jeopardy in violation of the Fifth Amendment of the United States Constitution.

Petitioner's present motion was filed on August 15, 1956. It was referred to me by Judge Dawson on August 27, 1956, since I was the judge who had presided over the trial of petitioner and fourteen other defendants, and imposed the sentence which petitioner now attacks.

Indictment No. C 135–214 was filed April 27, 1951. It contained eleven counts and named thirty-four defendants. Count One was the conspiracy count and named all the defendants who were indicted and two co-conspirators who were not indicted. They were charged with having conspired "to commit certain offenses against the United States, to wit, to violate Sections 173 and 174 of Title 21, United States Code, and Section 2591(a) of Title 26, United States Code [I.R.C.1939]". Sections 173 and 174 of Title 21 related to the illegal importation or bringing into the United States of narcotic drugs and their transportation, possession or sale after being imported or brought in. The transportation, receipt, concealment or sale of heroin was illegal under Sections 173 and 174 of Title 21. Cocaine was also covered by those sections. The transfer of marihuana "except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary" of the Treasury, was prohibited under Section 2591(a) of Title 26.

Paragraph 2 of Count One of the indictment, stated that it was part of the conspiracy of the said defendants that they would "unlawfully receive, conceal, sell and facilitate the transportation, concealment and sale of certain narcotic drugs known as heroin and cocaine". Paragraph 3 of Count One of the indictment, stated that it was "further a part of said conspiracy that said defendants would unlawfully transfer marihuana * * *."

Four "Overt Acts" were listed after Count One. Rosario was named only in the description of the third overt act which stated that the defendants, Rosario, Mejia and Perez sold marihuana to defendant Zayas on or about June 22, 1950. There were ten substantive counts which followed in numerical order Count One. The Fourth, Fifth and Ninth Counts named Dominick Lessa as the defendant charged. He was a fugitive at the time of the trial and the trial was severed as to him.

The Fourth Count charged Lessa with the sale of one-half an ounce of heroin on or about October 25, 1950; the Fifth Count charged him with the sale of five ounces of cocaine on or about October 18, 1950; and the Ninth Count charged him with the sale of one-half ounce of heroin on or about October 25, 1950.

The Eighth Count charged a defendant, Emilio Roca, with the possession of one-half an ounce of cocaine. Roca entered a plea of guilty.

Petitioner, Rosario, was named in and found guilty under Counts One, Six, Seven, Ten and Eleven of Indictment C 135–214.

Count One was the conspiracy count, hereinabove described.

Count Six charged petitioner and two others [Mejia and Perez] with the unlawful transfer of four pounds of marihuana to Zayas (a defendant) on or about the 9th day of May, 1950, in violation of Sections 2591(a) and 2600 of Title 26 U.S.C. Section 2600 gave the Secretary of the Treasury the right to delegate certain of his powers under the Marihuana Act, §§ 2590 to 2604.

Count Seven charged petitioner and Mejia with the unlawful transfer of six pounds of marihuana to Ida Batista (named as a co-conspirator but not indicted) on or about the 29th day of June, 1950, in violation of Sections 2591(a) and 2600 of Title 26, U.S.C.

Count Ten charged petitioner and two others [Mejia and Perez] with the unlawful transfer of one pound of marihuana to Hubbard (a special em-

ployee of the Narcotic Bureau) on or about the 1st day of November, 1950.

Count Eleven charged petitioner and two others [Alvarez and Perez, who entered pleas of guilty] with unlawfully receiving and concealing, selling and facilitating the transportation, concealment and sale of five ounces of heroin on or about September 15, 1950.

Fifteen of the defendants, including Mejia and Rosario went to trial. Fourteen were convicted of the offenses with which they were charged in the indictment.

On June 26, 1951, I imposed the following sentence on petitioner Rosario: Five years on Count One; five years and a fine of $2,000 on Count Six, (the sentences on Counts One and Six to run concurrently); five years and a fine of $2,000 on Count Seven; five years and a fine of $2,000 on Count Ten (the sentences on Counts Seven and Ten to run concurrently with each other, but consecutively to and to begin after service of the sentences on Counts One and Six); five years and a fine of $5,000 on Count Eleven (to run consecutively to and to begin after service of sentences on Counts Seven and Ten).

The total of the sentences imposed on Rosario was fifteen years and the total of fines was $11,000; and he was to stand committed until the fines were paid or he was otherwise discharged by law.

On appeal, the judgment of conviction was affirmed. United States v. Tramaglino, 2 Cir., 197 F.2d 928, 929. The opinion on this present motion assumes a knowledge of what the appellate court said about the evidence in respect to the scope of the conspiracy.

In September of 1953, petitioner made a prior motion under Section 2255 of Title 28, U.S.C. to correct the sentences imposed on him, on the ground that the sentences imposed were in excess of the maximum authorized by law. Petitioner contended in his prior motion that the maximum penalty to which he was subject was that imposed under the conspiracy count, and that there had been a merger of the substantive counts in the conspiracy count. That motion, which involved only questions of law, was denied in an opinion, dated September 14, 1953, in which I stated:

"Nor is there any merger of the substantive counts in the conspiracy count as defendant intimates. Where substantive counts in an indictment cover crimes committed in the course of and in furtherance of a conspiracy, which is also separately charged, the court is empowered to impose sentences on all counts. The rule was stated in Pinkerton v. United States, 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489 as follows:—

" 'It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established. Clune v. United States, 159 U.S. 590, 594–595, 16 S.Ct. 125, 40 L.Ed. 269.' "

Section 2255, Title 28, U.S.C. provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, * * *, or that the sentence was in excess of the maximum authorized by law, * * * may move the court which imposed the sentence to vacate, set aside or correct the sentence.

* * * * * *

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

Although the present motion is somewhat similar to part of petitioner's prior Section 2255 motion, made in Sep-

tember of 1953, I have concluded that I should entertain petitioner's present motion. United States v. Brown, 7 Cir., 207 F.2d 310.

Petitioner attempts to come within one of the exceptions set forth by the United States Supreme Court in Pinkerton v. United States, 328 U.S. 640, at pages 643–644, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489:

"Nor can we accept the proposition that the substantive offenses were merged in the conspiracy. There are, of course, instances where a conspiracy charge may not be added to the substantive charge. One is where the agreement of two persons is necessary for the completion of the substantive crime and there is no ingredient in the conspiracy which is not present in the completed crime. See United States v. Katz, 271 U.S. 354, 355–356, 46 S.Ct. 513, 514, 70 L.Ed. 986; Gebardi v. United States, 287 U.S. 112, 121–122, 53 S.Ct. 35, 37, 77 L.Ed. 206, 84 A.L.R. 370. Another is where the definition of the substantive offense excludes from punishment for conspiracy one who voluntarily participates in another's crime. Gebardi v. United States, supra. But those exceptions are of a limited character. * * * It is only an identity of offenses which is fatal. See Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 422, 55 L.Ed. 489. Cf. Freeman v. United States, 6 Cir., 146 F. 2d 978."

In support of his motion petitioner mainly relies upon Freeman v. United States, 6 Cir., 146 F.2d 978, and Krench v. United States, 6 Cir., 42 F.2d 354, and deems them controlling.

A careful examination of the factual situation of each of those cases will show that the rulings made therein are inapplicable to the facts in the case at bar.

In the Freeman case, the defendant Freeman was convicted under a three-count indictment for violation of Title 26, U.S.C. § 2553(a) and the general conspiracy statute. The first two counts charged that defendant Freeman and another, on October 10 and 11, 1939, respectively, sold to two others for $60, two ounces of heroin. The third count charged the *same* defendants with conspiring to violate the above statute. The overt acts listed under the conspiracy count were the delivery of the heroin alleged to have been sold under Counts One and Two, and the collection of the purchase price therefor. The Court, after reciting certain general rules of law, held at page 979 of 146 F.2d:

"Congress has the power to create separate and distinct offenses growing out of the same act, but whenever it appears that the proof of one offense proves every essential element of another growing out of the same act, the Fifth Amendment limits the punishment to a single act. Gavieres v. United States, 220 U.S. 338, 343, 31 S.Ct. 421, 55 L.Ed. 489."

"The overt acts stated in the third count in the indictment are two in number: (1) That a defendant under counts 1 and 2 delivered the drug; (2) that another defendant collected the money. The third count of the indictment clearly alleged a conspiracy, but it is equally clear that counts 1 and 2 included every element of the conspiracy. All of the parties to the conspiracy count were principals in the other two counts. There can be no doubt that the substantive offenses charged in the two counts required proof of joint action, just as it was required under the third count."

In the present case, Count One of Indictment C 135–214, charged thirty-six persons (including petitioner) thirty-four of whom were named as defendants, with unlawfully conspiring to violate certain federal statutes, relating to the transfer and sale of marihuana, cocaine and heroin. Count Eleven of the same indictment involved only petitioner and two others. All the parties to the conspiracy count were not principals under

Count Eleven, as in the Freeman case, supra. Secondly, Count One of Indictment C 135–214 alleges four different overt acts [1], none of which is identical to the act charged in Count Eleven.[2] Count Eleven could not and does not include every essential element required for proof of the broad conspiracy alleged in Count One. Proof sufficient for a conviction of Rosario under Count One (which covered both marihuana and heroin) could relate solely to any of Rosario's marihuana sales mentioned in the substantive counts. Proof of the sale of heroin mentioned in Count Eleven was not necessary in order to prove Rosario guilty of the conspiracy alleged in Count One.

In the Freeman case, supra, 146 F.2d at page 980, in distinguishing its holding in the Krench case, supra, from its holding in Moss v. United States, 6 Cir., 132 F.2d 875, the Court stated:

"It was there pointed out [Moss v. United States, supra] that the conspiracy count embraced many overt acts aside from the substantive offense."

In the Krench case, supra, defendant Krench was indicted and convicted on three counts. The first charged the bringing of merchandise into the country in violation of the Tariff Act; the second, the concealment of the said merchandise after it had been brought in; and the third, the conspiracy to bring into the country the merchandise mentioned in the other two counts. The Court in the Krench case held that proof of the conspiracy was ample, but that it was clear that proof of the substantive offense included every element of the conspiracy and that to impose a consecutive sentence on the third count was "double punishment".

That is not the situation in the case at bar. The appellate court in this case, 197 F.2d 928, at page 930, stated that the evidence showed one overall conspiracy which involved marihuana. "The overall conspiracy was the plan conceived by the intermediary group—Alvarez, Zayas and their fellows—to buy and resell marihuana at a profit. Both Rosario and Tramaglino knew and participated in this plan by furnishing the essential ingredient—the marihuana". The appellate court also stated: "From this testimony [as to the marihuana sales] the jury might reasonably have inferred that Rosario knew that the marihuana he sold was intended for resale by the 'corporation.' In fact, Rosario himself, a few months later, bought heroin from Al-

---

1. "1. In pursuance of said conspiracy and to effect the objects thereof, at the Southern District of New York, on or about May 5, 1950, Joseph Zayas, Ralph Alvarez, Rafaela Alvarez, Vincent Conde and Paula Lebron, defendants herein, and Ida Batista, a co-conspirator herein, met at Luis Bar & Grill, at 110th Street and Park Avenue, New York, N. Y.
"2. And further in pursuance of said conspiracy and to effect the objects thereof, at the Southern District of New York, on or about July 27, 1951, Dominick Lessa, a defendant herein, gave Ida Batista, a co-conspirator herein, a package of heroin.
"3. And further in pursuance of said conspiracy and to effect the objects thereof, at the Southern District of New York, on or about June 22, 1950, Raymond Rosario, Republica Mejia and Peter Perez, defendants herein, sold marihuana to Joseph Zayas, a defendant herein.
"4. And further in pursuance of said

conspiracy and to effect the objects thereof, at the Southern District of New York, on or about September 30, 1950, Eugene Tramaglino, a defendant herein, sold three pounds of marihuana. (Title 18, Section 371, United States Code)."

2. As to overt acts listed at the end of a conspiracy count, the government is not required to prove every one of the acts listed; nor is the government limited to the listed acts in its proof that there was a conspiracy, the extent thereof, the participants therein and what was done in furtherance of the conspiracy. United States v. Westbrook, D.C.Ark.1953, 114 F.Supp. 192, at pages 198, and 201–202; Pinkerton v. United States, supra; Singer v. United States, 6 Cir., 208 F.2d 477, at page 480; United States v. Negro, 2 Cir., 164 F.2d 168, at page 173; United States v. Russo, 2 Cir., 1956, 235 F.2d 477; United States v. Waldin, D.C.E.D. Pa.1956, 138 F.Supp. 791, at page 794.

varez, a member of the same syndicate, to which Rosario had sold the marihuana."

■ This present motion of petitioner is controlled by the general rules stated in Pinkerton v. United States, supra, 328 U.S. 640, at page 643, 66 S. Ct. 1180, at page 1182:

"It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established. Clune v. United States, 159 U.S. 590, 594–595, 16 S.Ct. 125, 126, 40 L.Ed. 269. A conviction for the conspiracy may be had though the substantive offense was completed. See Heike v. United States, 227 U.S. 131, 144, 33 S.Ct. 226, 228, 57 L.Ed. 450. And the plea of double jeopardy is no defense to a conviction for both offenses."

■ Furthermore, even if we assume, arguendo, that petitioner is correct in his contention that Count Eleven of the indictment was merged with Count One, petitioner still would be entitled to no relief. In such a situation Count One, the conspiracy count, and not Count Eleven, the substantive count, would be dismissed as to him and the sentence thereunder vacated. Freeman v. United States, supra; Razete v. United States, 6 Cir., 199 F.2d 44. Treating Count One as a nullity, petitioner would still be subject to a total of fifteen years imprisonment as originally imposed. For the five years imposed under Count One were to run concurrently with the five years imposed under Count Six, another substantive count, and under the well-established rule, one good count in an indictment containing several counts is sufficient to sustain a judgment, where the sentences imposed under the several counts were concurrent. Dunbar v. United States, 156 U.S. 185, 15 S.Ct. 325, 39 L.Ed. 390; Powers v. United

States, 223 U.S. 303, 32 S.Ct. 281, 56 L.Ed. 448. Cf. United States v. Grunewald, 2 Cir., 233 F.2d 556, at page 567. The only consequence of an assumption of merger of Counts One and Eleven would be that the fine of $2,000 imposed under Count One would be vacated. United States v. Grunewald, supra.

The jury found the defendant guilty on all the substantive counts in which he was named, as well as on the conspiracy count. The sentences imposed on petitioner were not in excess of those provided by statute and were in accord with the applicable principles of law set forth in the above cited cases. Petitioner's motion is in all respects denied.

A copy of this opinion and the order to be entered thereon will be forwarded to the petitioner, Rosario, at the place of his confinement.

On Motion for Rehearing.

The present motion by the defendant Rosario, filed October 19, 1956, is for a rehearing of a motion which he filed with the Clerk of this Court on August 15, 1956. In that motion, made under Section 2255 of Title 28 U.S.C., Rosario sought to have vacated the judgment and sentence which I had imposed on him under Count 11 of the indictment. My opinion of thirteen pages filed September 26, 1956, denied Rosario's motion and disposed of all of his various contentions and arguments. My secretary forwarded Rosario a copy of the opinion on the day it was filed.

Petitioner Rosario is mistaken in his belief that "concededly this court agrees that count eleven and count one merged." The court concedes no such thing, as a reading of the opinion shows. The first eleven pages of my opinion set out in detail, the reasons why a merger of counts one and eleven of the indictment, under the circumstances of this case, could not have legally resulted. Only as an observation did I state that "even if we assume, arguendo, that petitioner is correct in his contention that Count Eleven of the indictment was merged with Count One, petitioner still would be en-

**440**

titled to no relief", because he would still be required to serve a total of fifteen years, for the reasons stated in my opinion.

The motion for a rehearing contains nothing that is either new or meritorious. It is a garbled, misstatement of the reasoning of my opinion of September 26, 1956. The motion for a rehearing is in all respects denied.