Eugene **TRAMAGLINO**, Petitioner-
Defendant,

v.

**UNITED STATES of America,**
Respondent.

United States District Court
S. D. New York.

Oct. 17, 1956.

See also, 234 F.2d 489.

Petitioner in pro. per.

Paul Williams, U. S. Atty., New York City, by Jerome J. Londin, New York City, of counsel, for respondent.

EDELSTEIN, District Judge.

Petitioner moves, pursuant to Section 2255, Title 28, U.S.Code, to vacate the judgment and sentence imposed on him in one count of an indictment charging a number of defendants with conspiracy to commit, and with committing, offenses involving the purchase and sale of narcotics and marihuana. Judgments of conviction were affirmed in United States v. Tramaglino, 2 Cir., 197 F.2d 928. This is petitioner's third motion under Section 2255. He contends that Count III of the indictment, a substantive count charging a specific sale by him, merges into the conspiracy alleged in Count I, and that therefore the consecutive sentence of five years imposed under Count III was illegal. The sale set forth as an overt act in the conspiracy count is also set forth in Count II as a substantive offense, and for convictions on these counts, petitioner was given concurrent sentences. His position is, apparently, that the sale charged in Count III is one also covered by implication in the conspiracy count, and that therefore the sentence on that count should not have been consecutive to the sentence on the others.

■■ A long settled rule is that the commission of a substantive offense and a conspiracy to commit it are separate and distinct offenses. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489. Petitioner attempts to bring himself within one of the exceptions set forth by the Pinkerton case, 328 U.S. at pages 643–644, 66 S.Ct. at pages 1181, 1182, but he cannot do so. Count III could not and does not include every essential element required for proof of the broad conspiracy alleged in Count I. Proof sufficient for conviction of petitioner on Count I existed independently of the specific sale charged in Count III. Proof of the sale of marihuana charged

in Count III was not necessary to prove him guilty of the conspiracy in Count I.

The issue of law involved in this motion was treated extensively by Judge Liebell in an opinion, dated September 26, 1956, on a similar motion by another defendant (Rosario) in the case. Rosario v. U. S., D.C., 147 F.Supp. 434. The law as set forth by Judge Liebell is controlling also on this motion. A copy of this opinion and the order to be entered thereon will be forwarded to the petitioner, Tramaglino, at the place of his confinement, along with a copy of Judge Liebell's opinion on the Rosario motion.